**Paul Allan HUMASON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 0016–86.**

Court of Criminal Appeals of Texas, En Banc.

March 18, 1987.

Rehearing Denied April 15, 1987.

Robert G. Turner, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Winston E. Cochran, Jr. and Ned Morris, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

In a nonjury trial, appellant was convicted of intentionally and knowingly possessing less than 28 grams of a controlled substance (cocaine). See V.A.C.S., Article 4476-15, §§ 4.04(a), 4.02(b)(3)(D) (Supp. 1987). Punishment was assessed by the court at confinement for three years in the Texas Department of Corrections, probated, and a $500 fine. See V.A.C.S., Article 4476-15, §§ 4.01(2), 4.04(b) (Supp.1987). The Houston (1st) Court of Appeals, after concluding that there was insufficient evidence to "affirmatively link appellant to the cocaine in a manner proving he *knowingly* possessed it," reversed the conviction and ordered the judgment reformed to show an acquittal. *Humason v. State*, 699 S.W.2d 922, 923 (Tex.App.—Houston [1st] 1985) (emphasis in original). We granted the State's petition for discretionary review to determine whether the State proved beyond a reasonable doubt that the appellant knowingly possessed cocaine.[1] We will affirm.

### I.

Appellant, the sole occupant of a pick-up truck, was stopped by a police officer for speeding at 9:30 p.m. on March 27, 1984.

After the police officer discovered that appellant was driving with a suspended driver's license, he arrested appellant, handcuffed him and placed him in a patrol car. The police officer then searched the truck.[2]

The officer discovered an unzipped cloth gym bag on the seat next to where appellant had been driving. The bag contained several items, including clothing, a towel, aspirin bottles and a clear vial. The officer removed the clear vial and observed that it contained a white powder residue. The stipulated testimony of a chemist proved that the vial contained .03 grams of cocaine.[3]

### II.

On direct appeal, appellant contended that "the evidence was insufficient to prove that he intentionally and knowingly possessed cocaine." *Id.* The Court of Appeals began by recognizing that, when a defendant is charged with unlawful possession of a controlled substance, the State must meet at least two evidentiary requirements: "[first,] the State must prove that [the defendant] exercised care, control, and management over the substance, and [second] that he knew that what he possessed was contraband." *Id.*, citing *Payne v. State*, 480 S.W.2d 732, 734 (Tex.Cr.App. 1972). After reviewing the evidence, the Court of Appeals found that "the State proved only that [appellant] was the truck's sole occupant and that the cocaine was found near him." *Id.* Given those limited facts, the Court of Appeals held that the evidence was insufficient to establish that appellant *knowingly* possessed cocaine and

---

**1.** We granted review because the justices of the Houston (1st) Court of Appeals disagreed as to whether the evidence was legally sufficient to support a conviction. Tex.R.App.Pro. 200(c)(5). In addition, "this cause presents a good opportunity for clarification of an important issue [of statewide concern]." (State's Pet. at 2).

**2.** Appellant presented a pretrial motion to suppress the fruits of this search. The trial court denied the motion. On direct appeal, appellant argued that the trial court's ruling was erroneous. However, the Court of Appeals did not

address the issue because it found the evidence insufficient to support the conviction.

**3.** Although appellant pled not guilty, he stipulated at trial to testimony identifying the white powder as a controlled substance (cocaine). In addition, the State reoffered the evidence presented during a hearing on appellant's motion to suppress, which established the facts surrounding appellant's arrest and the search of the truck. No other evidence was presented at trial on the issue of guilt or innocence.

ordered the judgment reformed to reflect an acquittal. *Id.*[4]

One member of the Court disagreed and found that appellant's sole occupancy of the truck and his proximity to the bag containing the cocaine provided sufficient evidence *to prove beyond a reasonable doubt that appellant knowingly possessed a controlled substance. Id.* at 925–26 (Evans, C.J., dissenting).

### III.

In establishing the mens rea required for the instant offense, the Legislature has provided that a person must *"knowingly* or intentionally possess a controlled substance." V.A.C.S., Article 4476–15, § 4.04(a) (Supp.1987) (emphasis added).[5]

> A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

**4.** Inferentially, the Court of Appeals also found the evidence insufficient to establish that appellant *intentionally* possessed cocaine. See V.T.C.A., Penal Code § 6.02(d)(1)–(2) & (e) (1974). Regardless, the State's petition for discretionary review was limited to the Court of Appeals' holding that the evidence was insufficient to prove appellant *knowingly* possessed cocaine. See Tex.R.App.Pro. 200 & 202; *Arline v. State,* 721 S.W.2d 348, 353 n. 9 (Tex.Cr.App.1986) ("[O]ur review is limited to those points of error decided by the courts of appeals, included in a petition for discretionary review and granted as grounds for review").

**5.** In the instant case, appellant was prosecuted pursuant to Article 4476–15, § 4.04(a), supra, because cocaine is listed as a controlled substance in Penalty Group 1. See Article 4476–15, § 4.02(b)(3)(D), supra. Article 4476–15, § 4.04(a), in its entirety, provides:

> Except as authorized by [the Controlled Substances] Act, a person commits an offense if he knowingly or intentionally possesses a controlled substance in Penalty Group 1 unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice.

V.T.C.A., Penal Code § 6.03(b) (1974).[6] "'Possession' means actual care, custody, control or management." V.A.C.S., Article 4476–15, § 1.02(34) (Supp.1977).[7] "A 'controlled substance' means a drug, substance, or immediate precursor listed in Schedules I though V and Penalty Groups 1 through 4 of [the Controlled Substances] Act." V.A.C.S., art. 4476–15, § 1.02(4) (Supp. 1977).

■ By providing that a defendant must, at a minimum, be aware that his conduct or the circumstances surrounding his conduct constitute possession of a controlled substance, see § 6.03(a) & (b), supra, it is not enough for the State to show that a defendant was merely present in the vicinity of a controlled substance. See also V.T.C.A., Penal Code § 6.01(a) & (b) (1974) (requiring voluntary act of possession). The State must provide proof that a defendant intentionally or knowingly exercised actual care, custody, control or management over a controlled substance. Consistent with the mens rea requirement of a possessory offense under the Controlled Substances Act, this Court has held that the State must provide evidence of "affirmative links" between a defendant and a controlled sub-

**6.** The Controlled Substances Act does not define the mens rea element of a possessory offense (intentional or knowing); therefore, the Penal Code definition controls. V.T.C.A., Penal Code § 1.03(b) (1974).

**7.** The State correctly notes in its brief that this Court has relied upon various definitions of "possession" without explaining the inconsistencies between them. These definitions are inconsistent in at least three respects. First, the statutory definition includes the term "custody," but it is absent from the definition supplied by this Court in several cases. See, e.g., *Sewell v. State,* 578 S.W.2d 131, 135 (Tex.Cr.App.1979) ("care, control, and management"); *Payne,* supra. Second, the statutory definition states the various terms disjunctively, but this Court has stated them conjunctively. See, e.g., *Curtis v. State,* 519 S.W.2d 883, 885 (Tex.Cr.App.1975) ("care, custody, control *and* management") (emphasis added). Third, the statutory definition provides that there must be *"actual* care, custody, control or management," but that term has been absent from this Court's definition of "possession." To the extent that our prior cases misstate the definition of "possession" under the Controlled Substances Act, as presently amended, they are disapproved.

stance.[8] *McGoldrick v. State,* 682 S.W.2d 573, 578 (Tex.Cr.App.1985).

■ As with all elements of an offense, the State must prove the mens rea element of an offense beyond a reasonable doubt. Article 38.03, V.A.C.C.P. (Supp.1987). In reviewing sufficiency of the evidence on appeal, this Court has followed the standard established by the United States Supreme Court: "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Dickey v. State,* 693 S.W.2d 386, 387 (Tex.Cr.App. 1984) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, n. 12, 99 S.Ct. 2781, 2789, n. 12, 61 L.Ed.2d 560, 574, n. 12 (1979)).

■ For cases involving circumstantial evidence, an additional principle of appellate review applies. "A conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of guilt of the defendant." *Moore v. State,* 640 S.W.2d 300, 302 (Tex.Cr.App. 1982) (citations omitted).[9] In addition, proof which amounts only to a strong suspicion or mere probability is insufficient to support a conviction. *Id.* (citations omitted).

In the instant case, the State proved that appellant was the sole occupant of a truck with an unzipped gym bag lying within reach of appellant. The gym bag contained several articles, including a vial with .03 grams of cocaine.

The State argues that the record contains evidence of several affirmative links between appellant and the cocaine from which the jury could conclude beyond a reasonable doubt that appellant knowingly possessed the cocaine. First, appellant was the sole occupant of the truck, thus suggesting that he possessed the contents of the truck. Second, the bag was unzipped and close to appellant, thus suggesting that he had immediate access to the contents of the bag. Third, the substance was cocaine, an expensive drug that is unlikely to be misplaced or left by some other owner.

While a trier of fact *could* conclude from the combination of these circumstances that appellant knowingly exercised actual care, custody, control or management over the cocaine in the gym bag, it would be just as rational for that same trier of fact to conclude that appellant was entirely unaware of the presence of the cocaine. Without some evidence excluding the equally reasonable hypothesis that appellant was unaware of the presence of the cocaine, the trier of fact could not conclude *beyond a reasonable doubt* that appellant knowingly possessed the cocaine.

The fact that appellant was the sole occupant of the truck only excludes the hypothesis that appellant was unaware of the contents of the truck if the trier of fact also had proof that appellant recently had sole access to the truck. Cf. *Harris v. State,* 486 S.W.2d 88, 91 (Tex.Cr.App.1972) (defendant connected to particular vehicle). Mere presence in the vicinity of a controlled substance has never been sufficient

---

**8.** We have also held that the State must prove that a defendant knew the nature of the substance he possessed. *Payne,* supra, at 734. In the instant case, the State argues that the mens rea element of a possessory offense under the Controlled Substances Act "should be viewed as simply requiring that a defendant knew [or intended] that he possessed the substance," thus leaving the defendant to prove through the affirmative defense of mistake that he did not know the nature of the substance, see V.T.C.A., Penal Code § 8.02 (1974). (State's Brief at 7).

We need not address this argument in the instant case because the Court of Appeals only held the evidence insufficient to prove a knowing possession. Since we affirm that holding, we have no occasion to reach the separate issue of whether appellant knew the nature of the substance.

**9.** The genesis of this method of appellate review can be traced as far back as *Mathis v. State,* 100 Tex.Cr.R. 509, 272 S.W. 204 (1925). See also *Reed v. State,* 113 Tex.Cr.R. 412, 22 S.W.2d 456, 458 (1929) (relying upon Branch's Annotated Penal Code of Texas, § 1877). This Court recently reaffirmed the continuing vitality of this method of appellate review. *Carlsen v. State,* 654 S.W.2d 444, 449–50 (Tex.Cr.App.1983) (opinion on rehearing) ("[W]e are convinced that there are no better analytical guidelines ... than those we currently employ.").

to establish joint possession. *Waldon v. State*, 579 S.W.2d 499, 501 (Tex.Cr.App. 1979). That principle of law should be equally as true when there is only one person present in the vicinity of a controlled substance. Otherwise, mere *solitary* presence in the vicinity of a controlled substance would be sufficient evidence to convict a person of knowingly possessing a controlled substance. We hold that a rational trier of fact could not find that such an inference proves a defendant's knowing possession beyond a reasonable doubt.

The fact that the gym bag was unzipped only excludes the hypothesis that appellant was unaware of the bag's contents if the trier of fact also had proof that appellant had some connection, other than physical proximity, to the bag or its contents. Otherwise, a trier of fact could just as rationally conclude that the defendant was aware of the unzipped bag but unaware of the its contents except for those articles in plain view.[10] Cf. *Hughes v. State*, 612 S.W.2d 581, 582 (Tex.Cr.App.1981) (listing presence of marihuana in plain view of defendant as affirmative link). We hold that a rational trier of fact could not find that such an inference proves a defendant's knowing possession beyond a reasonable doubt.

The fact that the controlled substance was identified as cocaine only excludes the hypothesis that appellant was unaware of the bag's contents if the trier of fact also had some proof suggesting that appellant was aware of that particular controlled substance. See, e.g., *McGaskey v. State*, 451 S.W.2d 486 (Tex.Cr.App.1970) (listing apparent intoxication of defendant from marihuana as affirmative link);[11] *Hughes*, supra (mentioning presence of strong smell of marihuana as affirmative link). Otherwise, mere presence in the vicinity of an expensive drug would suffice to establish that a defendant knowingly possessed a controlled substance. We hold that a rational trier of fact could not find that such evidence proves a defendant's knowing possession beyond a reasonable doubt.

▪ In the instant case, the evidence of affirmative links between appellant and the cocaine, whether considered individually or in combination, failed to eliminate the reasonable hypothesis that appellant was entirely unaware of the presence of cocaine. Therefore, we find that no rational trier of fact could have found the appellant guilty beyond a reasonable doubt of knowingly possessing a controlled substance.[12]

The judgment of the Court of Appeals is affirmed.

MCCORMICK, and WHITE, JJ., dissent.

CLINTON, Judge, concurring.

Once again we confront "the unique character of 'possessory' offenses [that] has always plagued and confounded the bench and bar." *Gorman v. State*, 634 S.W.2d 681, 685 (Tex.Cr.App.1982). In addressing the offense at issue in this cause from the standpoint of the culpable mental state of "knowingly," the opinion of the Court first succumbs to the temptation to revisit past definitions of "possession," and as I understand note 7, the Court is holding that the statutory definition in Article 4476–15, § 1.02(34) V.A.C.S., prevails over former loose usage in the cases. So far so good.

According to V.T.C.A. Penal Code, Titles 1, 2, and 3 apply to "offenses defined by other laws." The same definition of possession is in V.T.C.A. Penal Code, § 1.07(a)(28). But that definition alone

---

10. There is no evidence in the record of the instant case indicating that the vial of cocaine was in plain view.

11. In *McGaskey*, we noted that "[i]f the [defendant] was intoxicated from the use of marihuana which was, under the record, available to him, it could be a factor in linking him with and bearing on his possession of the marihuana." *Id.* at 487.

12. We need not decide what evidence of affirmative links might have been sufficient to prove appellant's knowing possession in the instant case. It would be inappropriate for this Court to list examples of circumstances that would provide sufficient evidence of affirmative links in a particular case. Each case presents a unique set of facts that should only be reviewed by the general "rational trier of fact" standard enunciated in *Jackson v. Virginia*, supra.

does not provide a full meaning of the term; also to be considered are provisions in Title 1, Chapter 6, § 6.01(a) and (b), alluded to at page 4, but not discussed, in the opinion of the Court. I write to point out there is more to the meaning of "possession" than the statutory definition.

The *sine qua non* for an offense is that a person "voluntarily engages in conduct, including an act, an omission, or *possession*, § 6.01(a). And "as the words 'actual care, custody, control or management,' indicate, the voluntary *act* of 'possession' necessarily presupposes that 'the possessor *knowingly obtains or receives* the thing possessed or is *aware of his control* of the thing for a sufficient time to permit him to terminate his control.' V.T.C.A. Penal Code, 6.01(b). Thus myriad possession cases allude to the quite distinct requirement that the actor 'know of the *whereabouts* of the contraband.' In sum, an awareness of the whereabouts of the contraband is an essential ingredient of the culpable *act* of 'possession;' that is, the state of having 'care,' 'control,' 'management' or 'custody' under our law." *Gorman v. State*, supra, at 686.*

This novel character of "possession" is distinct from yet must be coupled with the required "culpable mental state" that the actor know the *forbidden nature* of the object or substance that is in his actual care, custody, control or management to constitute an offense. *Gorman*, supra, notes 6 and 7. In this cause, the applicable element of "knowingly" in § 6.03(b) is that the actor be "aware of the nature of his conduct."

As thus analyzed, that appellant is not shown by the evidence to "possess" the residue of white powder in a vial in an unzipped cloth gym bag on, as the majority below found, the passenger's seat is clear enough to me. And on that basis I join the opinion of the Court.

ONION, Presiding Judge, concurring in part and dissenting in part.

Appellant entered a plea of not guilty before the court to the indictment charging him with intentionally and knowingly possessing less than 28 grams of a controlled substance, to-wit: cocaine. The court heard the stipulated evidence and found appellant guilty and assessed his punishment at confinement in the Department of Corrections for three years, probated, and a fine of $500.00.

On appeal appellant contended the evidence was insufficient to support appellant's conviction for possession of a controlled substance. A panel of the Court of Appeals reversed the conviction finding, after a discussion of facts, that the evidence was insufficient to sustain the conviction. *Humason v. State*, 699 S.W.2d 922 (Tex. App.–Houston [1st Dist.] 1985). Chief Justice Evans dissented. We granted the State's petition for discretionary review to determine the correctness of the holding that the State had failed to prove beyond a reasonable doubt that appellant knowingly possessed cocaine.

The majority has now concluded, after discussing the stopping by the police of a vehicle for speeding in which the appellant was the sole occupant, the determination that appellant was driving with a suspended driver's license, etc., the arrest of appellant, the finding of an unzipped cloth bag on the seat of the pickup truck which contained a vial of a white powder residue, the testimony of a chemist that the vial contained cocaine, that no rational trier of fact could have found the appellant beyond a reasonable doubt of knowingly possessing a controlled substance.

If the evidence as described by the majority was properly before this Court, I would agree with the conclusions reached by Chief Justice Evans in his dissenting opinion in the Court of Appeals and by Judge W.C. Davis in his dissenting opinion rendered today. However, I must agree with the majority that the evidence is insufficient to sustain the conviction but for a different reason. The stipulated evidence, or at least a sufficient part of it, does not comply with the requirements of Article 1.15, V.A.C.C.P., and cannot be considered on the question of sufficiency.

Article 1.15, V.A.C.C.P., provides:

* Emphasis added in original; all other emphasis is mine unless otherwise indicated.

"No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless in felony cases less than capital, the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. *The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.*" (Emphasis supplied.)

It is well settled that Article 1.15, supra, applies to any plea entered before the court including a plea of not guilty. *Rodriguez v. State*, 442 S.W.2d 376 (Tex.Cr.App.1968); *Thornton v. State*, 601 S.W.2d 340 (Tex.Cr. App.1979). And Article 1.15, supra, is mandatory for a stipulation to be considered as evidence where the plea is before the court. *Young v. State*, 648 S.W.2d 6 (Tex.Cr.App. 1983); *Valdez v. State*, 555 S.W.2d 463 (Tex.Cr.App.1977); *Duran v. State*, 552 S.W.2d 840, 843 (Tex.Cr.App.1977), and cases there cited. See also *Green v. State*, 666 S.W.2d 291 (Tex.App.–Houston [14th Dist.] 1984). See also *Landers v. State*, 720 S.W.2d 538 (Tex.Cr.App.1986).

In the instant case, after the appellant entered his plea of not guilty before the court, the State offered a written stipulation (State's Exhibit No. 2) concerning the testimony of the chemist. The stipulation was signed by the assistant district attorney, appellant and his counsel and by the trial judge. It was read into evidence as a stipulation. Appellant's counsel stated, "No objection."

There is not in the stipulation or elsewhere in the record a written waiver by the appellant as to the appearance, confrontation and cross-examination of the chemist, Michael R. McGeehon, or any other witnesses, nor consent to oral or written stipulations as required by the mandatory provisions of Article 1.15, supra. Further, there was no approval by the court in writing of any written waiver and consent or any filing in the papers of the cause as mandated by the statute. It is the written approval of the waiver and consent by the court, not approval of the stipulation, oral or written, that is required by Article 1.15, supra. See footnote # 3, *Landers v. State*, supra.

Thus the stipulation as to the chemist's testimony that the substance was cocaine was not properly before the trial court and the evidence is insufficient for this reason alone.

After the above described "stipulation" (State's Exhibit No. 2) was admitted into evidence, the record reflects:

"MR. MORRIS: The State rests, Your Honor.

"THE COURT: Just a minute, Gentlemen.

The Court has now received into evidence and admitted into evidence State's Exhibit No. 1, the Statement of facts of the Motion to Suppress previously heard in this the 183rd District Court before me. I was the presiding Judge, Joseph M. Gaurino, at the time of the hearing on said motion. That has been received.

"Also the exhibits as offered by the Defense, Defense 1, 2, 3, that were offered during the Motion to Suppress hearing, all of that has been received and admitted into evidence.

"You rest at this time, Counsel?

"MR. MORRIS: The State rests, Your Honor.

"THE COURT: What says the Defense?

"MR. TURNER: The Defense would rest on guilt or innocence."

It would thus appear that the court, not the State, offered "State's Exhibit No. 1" after the State had once rested. There appears to be no stipulation or agreement by the parties as to the introduction of the exhibit. It is not necessary to determine whether this "evidence" was properly before the trial court under the circumstances since the chemist's testimony was not.

The trial court erred in admitting the stipulation as to the chemist's testimony and without it the evidence is insufficient to sustain the conviction. The judgment of the Court of Appeals and the judgment of the trial court should be reversed and the cause remanded, not an acquittal ordered.

W.C. DAVIS, Judge, dissenting.

Today, a majority of this Court concludes that the evidence presented in this case is insufficient to affirmatively link appellant with the contraband discovered in the automobile he was operating. In so doing they have positioned themselves as trier of fact and reversed a case simply because they do not agree with the result. Such action is contrary to our role as an appellate court. In all cases, those supported primarily by direct evidence and those supported primarily by circumstantial evidence, the role of an appellate court reviewing the sufficiency of the evidence is the same—the reviewing court must examine the evidence in the light most favorable to the verdict and determine whether *any* rational trier of fact could have found all the elements of the offense beyond a reasonable doubt. *Dickey v. State*, 693 S.W.2d 386 (Tex.Cr. App.1984); *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The "reasonable alternative hypothesis" test is merely a method of effectuating this standard of review when the case is based on circumstantial evidence. *Carlsen v. State*, 654 S.W.2d 444 (Tex.Cr.App.1983) (On Rehearing).

In the instant case the majority has simply substituted its view of the evidence for that of the trier of fact in the trial court. In so doing they have not viewed the evidence in the light most favorable to the verdict, which would require that all conflicts be resolved and all reasonable inferences be drawn in favor of conviction. Rather, the majority reviews the evidence in the light most favorable to acquittal, resolving all conflicts and making all inferences in favor of acquittal.

Sufficient evidence presented in the case affirmatively links appellant with the contraband, ie., appellant was the sole occupant and driver of the vehicle; the athletic bag containing the contraband was next to appellant on the front seat of the vehicle; and the athletic bag was open. The majority concludes from this evidence that, while a rational trier of fact could have found that appellant knowingly exercised actual care, custody and control or management over the contraband, it is just as likely that he did not. It is not within the province of an appellate court to decide if *they* are convinced of the defendant's guilt beyond a reasonable doubt. Rather, the standard is whether *any rational* trier of fact could have reasonably so concluded. In the instant case the majority concludes that a rational trier of fact could have found appellant guilty and that is where the analysis should end. That such a finding can be rationally supported is clear.

In *Deshong v. State*, 625 S.W.2d 327 (Tex.Cr.App.1981), the defendant was arrested for possession of marihuana while driving with a passenger. At trial the defendant testified that he did not know that any contraband was present in the vehicle and that the automobile was used as a delivery vehicle for his business. The Court listed possible factors which can contribute to a showing of an affirmative link:

When the accused is not in exclusive possession of the place where the substance is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband. *Wiersing v. State*, 571 S.W.2d 188, Tex.Cr.App. [1978].

The affirmative link can be established by showing additional facts and circumstances which indicate the accused's

knowledge and control of the contraband. *Norman v. State,* 588 S.W.2d 340, Tex. Cr.App. [1979]. Among such additional facts which can establish the affirmative link are: the marihuana was in open or plain view, *Hughes v. State,* 612 S.W.2d 581, Tex.Cr.App. [1981]; the place where the contraband was found was enclosed, *Mendoza v. State,* 583 S.W.2d 396, Tex. Cr.App. [1979]; the narcotic was conveniently accessible to the accused, *Hahn v. State,* 502 S.W.2d 724, Tex.Cr.App. [1973]; the accused was the owner of the place where the contraband was found, *Moulden v. State,* 576 S.W.2d 817, Tex. Cr.App. [1978].; the accused was the driver of the automobile in which the contraband was found, *Aldridge v. State,* 482 S.W.2d 171, Tex.Cr.App. [1972]; and the contraband was found in the same side of the car seat as the accused was sitting, [*Orosco v. State*] 164 Tex.Cr.R. 257, 298 S.W.2d 134 [1957].

*Deshong,* supra, 625 S.W.2d at 329.

The instant case involves several of the above linking facts: appellant was the driver of the vehicle; the contraband was conveniently accessible to appellant; the contraband was found on the same side of the car seat as appellant; appellant was the sole occupant of the vehicle; and the athletic bag was open and next to appellant. Considering all the circumstances of the instant case I would find the evidence sufficient to affirmatively link appellant to the contraband.

In *Harris v. State,* 486 S.W.2d 88 (Tex. Cr.App.1972), the defendant was arrested after the police received information that he would be in possession of a controlled substance. The defendant argued that the evidence was insufficient to support his conviction because there was no evidence presented that he owned the automobile and the narcotics were found in the fold of the front seat and were not in open view. The Court concluded that the fact that the defendant was the sole occupant of the vehicle was a significant affirmative link. This, along with evidence that the defendant had been previously seen driving a similar automobile, constituted sufficient evidence to support his conviction. See *Harris,* supra, 486 S.W.2d at 91.

In *McGaskey v. State,* 451 S.W.2d 486 (Tex.Cr.App.1970), the intoxicated defendant was arrested while sitting behind the wheel of a parked vehicle. A subsequent search led to the discovery of a can of marihuana in the closed glove compartment. The Court concluded that, although ownership of the automobile was not shown, the fact that the defendant was found inside the vehicle, intoxicated possibly as a result of marihuana readily accessible to him, was sufficient to affirmatively link him to the contraband. See *McGaskey,* supra, 451 S.W.2d at 487.

Finally, in *Nickerson v. State,* 645 S.W.2d 888 (Tex.App.—Dallas 1983) aff'd, 660 S.W.2d 825 (Tex.Cr.App.1983), the defendant was stopped for driving a vehicle with an expired inspection sticker. The police observed a plastic bag of marihuana on the floor board of the automobile behind the driver's seat. The Court held that, exclusive control of the vehicle, furtive gestures toward the contraband made by the defendant, and the possession by the defendant of a handgun and a large sum of money, constituted sufficient evidence to link the defendant with the contraband.

I see no material difference between these cases and the instant case. They all contain significant affirmative links which when viewed in the light most favorable to the verdict support the underlying conviction. Because the majority substitutes its own judgment for that of the trier of fact, in the face of sufficient evidence linking appellant to the contraband, I respectfully dissent.

## ON STATE'S MOTION FOR LEAVE TO FILE A MOTION FOR REHEARING

State's motions for rehearing on petitions for discretionary review denied.

ONION, Presiding Judge, dissenting.

The majority denies the State's motion for leave to file motion for rehearing. The instant decision is squarely at odds with the decision we recently handed down on April 1, 1987 in *Messer v. State,* 729 S.W.2d

694 (Tex.Cr.App.1987) (Opinion on State's Motion for Rehearing). In *Messer* the defendant on appeal in a sole point of error challenged the sufficiency of the evidence to establish beyond a reasonable doubt that the substance recovered from the defendant was cocaine as alleged in the indictment. The Court of Appeals affirmed the conviction. In his petition for discretionary review he contended that the Court of Appeals was in error and argued for the first time that the evidence upon.his plea of not guilty before the court was stipulated and that the stipulation was not in compliance with Article 1.15, V.A.C.C.P. This Court agreed, finding that the trial judge had not approved in writing the defendant's waiver of rights and his consent to stipulate as required by the mandatory provisions of Article 1.15, supra. Thus without a valid stipulation the evidence was insufficient.

*Messer* was decided on April 1, 1987 and the instant case (*Humason*) was decided on March 18, 1987. There in an opinion concurring in part and dissenting in part this writer pointed out that the instant record suffered from the defect in stipulated evidence in light of Article 1.15, supra, and concluded that the court need not have reached the search and seizure question. Today the majority, even after the intervention of *Messer*, continues to ignore the defect in the stipulated evidence, and leaves two cases on the books directly in conflict with each other.

I dissent.