Randle v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-287-CR





ELLIS RANDLE,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT,



NO. 90-148, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING



 




PER CURIAM

 Appellant was convicted of possession of cocaine and sentenced to imprisonment
for six years and a $500.00 fine, probated. Texas Controlled Substances Act, Tex. Health &
Safety Code Ann. § 481.115 (Pamph. 1992). In two points of error appellant contends that the
trial court erred in denying appellant's motion to suppress and that insufficient evidence exists to
prove appellant's knowing possession of cocaine beyond a reasonable doubt. We will reverse.

 In March 1990, deputies from the Caldwell County and Hays County Sheriff
Departments and San Marcos police officers were searching the residence of Robert Rodriguez
pursuant to a controlled-substances search warrant. While conducting the search, Police Officer Kunze allegedly answered a telephone call from a person who identified himself as "Randle." (1) 
"Randle" asked for Robert, and after Officer Kunze stated that Robert could not come to the
telephone, "Randle" said, "I'll be over in a little while." "Randle" made no statement concerning
drugs nor did he describe the car he would be driving. Officer Kunze informed his partners that
a black male had called and that this man was probably coming from San Marcos to Rodriguez's
house to buy some drugs. Officer Kunze based this statement on the fact that "Randle" sounded
like a black male and Robert Rodriguez was a drug dealer. The officer gave no explanation for
his statement that the man was probably coming from San Marcos.

 Appellant was driving a green BMW when he arrived at Rodriguez's house shortly
after the telephone call, and he entered Rodriguez's driveway. When approached by deputy
sheriffs, appellant said that he was merely driving around and passing through the neighborhood. 
The deputies requested appellant's identification, which he provided after retrieving his wallet by
using a legal penknife to cut a wire holding the glove compartment shut. Appellant's driver's
license showed that he was from San Marcos.

 The deputies conducted a Terry search during which appellant told the deputies that
he had a gun in the trunk of the car. See Terry v. Ohio, 392 U.S. 1 (1967). The deputies
proceeded to search the trunk and found an unloaded pistol and a box of cartridges. (2) One deputy
testified that appellant was not free to leave once the pistol was discovered. The deputies then
allegedly obtained oral consent to search appellant's car with a dog, and they found a leather
pouch in a visible compartment of the driver's door. This pouch contained two straws, a mirror,
a razor blade, and a small vial containing cocaine. None of the deputies attempted to obtain
appellant's written consent to search the car even though the Caldwell County deputies had
consent forms in their patrol vehicles in accordance with the standard practices of the Caldwell
County Sheriff's Department. One of the Caldwell County deputy sheriffs testified that he was
taught to obtain written consent for a search when possible. After his indictment appellant filed
a motion to suppress this evidence, which the district court denied.

 In point of error two appellant contends that insufficient evidence exists to prove
appellant's knowing possession of cocaine beyond a reasonable doubt. (3) Appellant argues that the
facts of this cause are substantially similar to those in Humason v. State, 728 S.W.2d 363 (Tex.
Crim. App. 1987). We agree.

 When a defendant is charged with unlawful possession of a controlled substance,
the State must prove that he knowingly or intentionally exercised actual care, custody, control, or
management over the controlled substance, i.e., the State must prove that the defendant knew that
what he possessed was contraband. Humason, 728 S.W.2d at 363, 365; Texas Controlled
Substances Act, Tex. Health & Safety Code Ann. §§ 481.102(5), (38), .115(a) (Pamph. 1992). 
"By providing that a defendant must, at a minimum, be aware that his conduct or the
circumstances surrounding his conduct constitute possession of a controlled substance, it is not
enough for the State to show that a defendant was merely present in the vicinity of a controlled
substance." Humason, 728 S.W.2d at 365 (citations omitted). The State must instead provide
evidence of affirmative links between a defendant and a controlled substance. Id.

 The State must prove the mens rea element of knowing or intentional possession
beyond a reasonable doubt. The oft-repeated test for review of the sufficiency of the evidence to
support a criminal conviction is whether the record evidence could reasonably support a finding
of guilt beyond a reasonable doubt. This Court does not ask whether it believes that the evidence
at trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether,
after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 318-19 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App.
1981). Furthermore, in circumstantial-evidence cases like the instant cause, we cannot sustain a
conviction based on circumstantial evidence if the circumstances do not exclude every other
reasonable hypothesis except that of the guilt of the defendant. Humason, 728 S.W.2d at 366
(citing Carlsen v. State, 654 S.W.2d 444, 449-50 (Tex. Crim. App. 1983)). (4)

 In Humason, the defendant was the sole occupant of a pickup truck and an unzipped
gym bag was on the seat of the truck within his reach. The gym bag contained a small vial of
cocaine. Humason, 728 S.W.2d at 366. The court of criminal appeals held that the fact the
defendant was the sole occupant of the truck only excluded the hypothesis that the defendant was
unaware of the contents of the truck if the trier of fact also had proof that the defendant recently
had sole access to the truck. Id. The court stated that a person's mere presence in the vicinity
of a controlled substance is not sufficient to establish possession. Id. at 366-67.

 The court also held that the fact the gym bag was unzipped only excluded the
hypothesis that the defendant was unaware of the bag's contents if the trier of fact also had proof
that the defendant had some connection to the bag or its contents, other than physical proximity. 
Id. at 367. Finally, the court held that the fact the controlled substance was identified as cocaine
only excluded the hypothesis that the defendant was unaware of the bag's contents if the trier of
fact also had proof suggesting that the defendant was aware of that particular controlled substance. 
Id.

 The facts of the instant cause are remarkably similar to those in Humason. There
is no evidence in the record that appellant had sole access to the green BMW recently before his
arrest or that appellant even owned the BMW. Furthermore, there is no evidence in the record
that appellant had some connection to the pouch or its contents, other than physical proximity, or
that appellant was familiar with cocaine in general. Thus, under Humason there must be some
other evidence affirmatively linking appellant to the contraband.

 The only additional affirmative links that the State points to as controlling are the
telephone call, (5) appellant's statement that he was merely driving around and passing through the
neighborhood, and appellant's possession of a knife and pistol. Considering all the evidence in
the light most favorable to the prosecution, we do not find these "links" to be persuasive.

 First, even if we assume appellant made the telephone call, this evidence only
excludes the hypothesis that the defendant did not know Robert Rodriguez. Even assuming that
Rodriguez was a drug dealer, we cannot say that knowing a drug dealer or visiting his house is
probative of appellant's knowing possession of the cocaine, absent proof that appellant knew
Rodriguez was a drug dealer.

 Second, appellant's statement that he was merely driving around and passing
through the neighborhood does not necessarily rise to the level of an intentional falsehood as
urged by the State. The State argues that this statement is contradicted by the fact that appellant
called ahead to tell Rodriguez he was coming. Again assuming that appellant made the telephone
call, we do not consider his statement to the police to be false. Appellant may very well have
been in the vicinity of Rodriguez's residence, "driving around and passing through the
neighborhood," when he made the telephone call.

 Finally, appellant's possession of a legal penknife and a pistol only shows that
appellant may have violated the law regarding unlawful possession of a weapon and that he was
familiar with contents of the car's closed compartments. The leather pouch, however, was located
in a visible compartment of the driver's door, similar to the gym bag on the truck seat in
Humason. If the State had produced evidence to show that the BMW belonged to appellant or that
he had sole access to the BMW recently before his arrest, appellant's familiarity with the car's
closed compartments might have been sufficient to prove mens rea. In the absence of such
evidence, however, it is not.

 Taken together, these "links" show only that appellant knew Rodriguez and visited
his home for some unknown reason, and that appellant possessed a legal penknife and an arguably
unlawful pistol. It cannot reasonably be inferred from this evidence that appellant was aware of
the cocaine found in the car.

 The State has failed to show any of the following common "links" of a controlled
substance to a defendant: controlled substance in plain view, furtive gestures, an attempt to
escape, incriminating statements, traces of the controlled substance or drug paraphernalia on
defendant's person, defendant under the influence of a controlled substance, sole access to the
vehicle, ownership of the vehicle, or consciousness of guilt. E.g., Whitworth v. State, 808
S.W.2d 566, 569 (Tex. App. 1991, pet. ref'd). Under the unique facts of this cause, we are
compelled by Humason to hold that the evidence fails to eliminate the reasonable hypothesis that
appellant was unaware of the presence of cocaine; stated differently, the evidence fails to render
such a hypothesis unreasonable. Therefore, we hold that no rational trier of fact could have found
appellant guilty beyond a reasonable doubt of intentionally or knowingly possessing the controlled
substance. Point of error two is sustained.

 Because of our disposition of point of error two, we do not reach point of error
one. The judgment of the district court is reversed and reformed to reflect an acquittal.


[Before Justices Powers, Jones and Kidd]

Reversed and Reformed

Filed: April 8, 1992

[Publish]

1. Officer Kunze did not testify at trial.
2. Appellant was also charged with unlawfully carrying a weapon, but this charge was dropped. 
See Tex. Penal Code Ann. § 46.02 (1989).
3. Although appellant does not specify whether the evidence is legally insufficient or factually
insufficient, the context shows that he is arguing a legal-sufficiency point. See Garza v. Alviar,
395 S.W.2d 821, 823 (Tex. 1965); Stone v. State, No. 3-90-149-CR, slip op. at 3 n.2 (Tex.
App.--Austin, Jan. 8, 1992, pet. filed).
4. See generally Geesa v. State, 820 S.W.2d 154, 161-62 (Tex. Crim. App. 1991) (overruling
Carlsen and requiring the use of an express instruction on "reasonable doubt"). Geesa is limited
to cases tried after November 6, 1991, and, thus, does not apply to this cause.
5. Appellant claims that the hearsay testimony regarding the telephone call was admitted at trial
only for the limited purpose of determining if there was probable cause for the search. The State
argues that appellant waived the objection. Because we hold that the evidence is insufficient even
if the hearsay evidence is considered, we do not decide whether appellant has waived his
objection.