TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00092-CR







Manuel Cortinas, Jr., Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR97-075, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING






 A jury found appellant Manuel Cortinas, Jr. guilty of possession of marihuana in
an amount of more than five pounds but less than fifty pounds. See Tex. Health & Safety Code
Ann. § 481.121 (West Supp. 1999). The trial court assessed punishment at imprisonment for ten
years. In three points of error, appellant contends (1) the evidence is legally insufficient to sustain
his conviction, (2) the evidence is factually insufficient to sustain his conviction, and (3) the trial
court erred in charging the jury on the law of parties. We will overrule these contentions and
affirm the judgment.

 At trial, Department of Public Safety Highway Patrol Trooper Randy Vetter
testified that around 7:00 p.m. on January 22, 1997, he received a call from his department to be
on the lookout for a possible drug trafficker traveling north on I-35 in a gray, four-door Chevrolet
bearing Minnesota license plates. Approximately two-and-a-half hours later, he spotted a vehicle
matching the description. When he observed the vehicle pull too closely behind a truck tractor,
he decided to make a traffic stop.

 The driver of the vehicle, Gustavo Saucedo, Jr., stepped out of the car at Trooper
Vetter's request and walked to the side of the road. Trooper Vetter testified that Saucedo appeared
"very fidgety and was nervous." He told Trooper Vetter that he and the passenger, appellant,
were cousins returning from a trip to San Antonio to visit another cousin.

 Trooper Vetter returned to the car and asked appellant for identification. Appellant
identified himself as Hector Hernandez. He told Trooper Vetter that he did not have any
identification with him. Trooper Vetter further testified that appellant stated that he and Saucedo
had served together in Vietnam. Appellant told Trooper Vetter that Saucedo offered him a ride
back from Austin after they ran into one another at the VA hospital in San Antonio.

 Trooper Vetter obtained written consent from Saucedo to search the vehicle. He
searched under the hood of the car and inside the car while appellant remained in the passenger
seat. Trooper Vetter then asked Saucedo to open the trunk. When Saucedo opened the trunk,
Trooper Vetter spotted three large trash bags in the center of the trunk, which he immediately
suspected to contain narcotics.

 While Trooper Vetter was looking in the trunk of the car, appellant got out of the
passenger seat and began walking north along the highway. Trooper Vetter testified that when he
shouted at appellant to return to the car, appellant began to run. Trooper Vetter left the vehicle
and Saucedo to chase appellant. When he was unable to catch appellant, Trooper Vetter returned
to the vehicle and placed Saucedo in custody. He testified that when he asked Saucedo to identify
appellant, Saucedo replied, "Hector Hernandez." Shortly thereafter, another police officer arrived
at the scene and took over the search for appellant.

 While police were searching for appellant, Trooper Vetter searched the inside of
the vehicle a second time. He recovered from the passenger compartment of the car a wallet
containing a Texas driver's license and social security card bearing the name Hector Hernandez
and a binder containing a pager bill. Trooper Vetter recognized the driver's license and social
security card as fakes. A short time later, appellant was apprehended. He told police that he ran
from the car because he was a federal parole violator. At the time of his arrest, appellant had
$518 on his person. Saucedo carried $230. The contents of the trash bags tested positive for
marihuana at a total weight of 30.60 pounds.

 In his first two points of error, appellant contends that the evidence was legally and
factually insufficient to show that he knowingly or intentionally possessed marihuana. He argues
that the State produced no evidence that he was aware of the presence of the marihuana in the
trunk of the car. In reviewing a challenge to the legal sufficiency of the evidence, we must
determine, whether, viewing the evidence in the light most favorable to the conviction, any
rational trier of fact could have found the essential elements of the crime beyond a reasonable
doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Geesa v. State, 820 S.W.2d 154, 159
(Tex. Crim. App. 1991). Any inconsistencies are resolved in favor of the verdict. See Matson
v. State, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991). In a factual sufficiency review, all the
evidence is viewed equally and the verdict is set aside only if is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. See Clewis v. State, 922 S.W.2d 126,
129 (Tex. Crim. App. 1996).

 In order to prove unlawful possession of a controlled substance, the State must
prove the accused exercised care, control, and management of the substance, and that the accused
knew the substance possessed was contraband. See Martin v. State, 753 S.W.2d 384, 387 (Tex.
Crim. App. 1988); Hackleman v. State, 919 S.W.2d 440, 444 (Tex. App.--Austin 1996, no pet.). 
Appellant contends that he was not affirmatively linked to the marihuana in the trunk of the car. 
He relies on Humason v. State, 728 S.W.2d 363 (Tex. Crim. App. 1987), and many other cases,
arguing that the facts and circumstances which the State intended to affirmatively link him to the
marihuana can be explained by an outstanding, reasonable, alternative hypothesis. This Court has
considered this issue on many prior occasions, and has concluded as follows:


By arguing that the record supports a reasonable hypothesis other than guilt,
appellant essentially urges us to return to a pre-Geesa reasonably hypothesis
analysis of the evidence. This we will not do, as we are bound to follow Geesa. 
We will instead consider the evidence in the light most favorable to the verdict to
see if any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.


Martinets v. State, 884 S.W.2d 185, 187 (Tex. App.--Austin 1994, no pet.); see also Hackleman,
919 S.W.2d at 444. Each defendant must still be affirmatively linked with the drugs he allegedly
possessed, but the link need not be so strong that it excludes every other outstanding reasonable
hypothesis except the defendant's guilt. Brown v. State, 911 S.W.2d 744, 748 (Tex. Crim. App.
1995).

 The affirmative links connecting appellant to the marihuana include: (1) Saucedo
and appellant's accounts of their relationship and reason for traveling together, which, while
inconsistent, constitute evidence that they were acting in concert with one another; (2) appellant's
flight from the vehicle at the moment Trooper Vetter opened the trunk where the marihuana was
ultimately discovered was evidence of appellant's knowledge of the contents of the trunk; (1) (3)
Saucedo's identification of appellant as Hector Hernandez after appellant fled the car was further
evidence of a cooperative effort between Saucedo and appellant; (4) a false driver's license and
social security card identifying appellant as Hector Hernandez was evidence that appellant was
involved in some type of criminal activity; and (5) $518 in cash recovered from appellant's person
was probative evidence that appellant might have been paid to transport illegal drugs. From these
affirmative links the trier of fact could reasonably infer that appellant knew of the existence of the
marihuana and exercised control over it. Appellant's contention that the evidence is legally
insufficient to sustain his conviction is without merit.

 The jury is the exclusive judge of the credibility of the witnesses and the weight
to be given their testimony, and may accept or reject all or any part of the evidence. See
Castellano v. State, 810 S.W.2d 800, 807 (Tex. App.--Austin 1991, no pet.); Tex. Code Crim.
Proc. Ann. art. 38.04 (West 1979). Appellate courts exercise their fact jurisdiction only to
prevent a manifestly unjust result. We are not free to reweigh the evidence and set aside a verdict
merely because we feel that a different result is more reasonable. See Clewis, 922 S.W.2d at 135;
Reina v. State, 940 S.W.2d 770, 773 (Tex. App.--Austin 1997, pet. ref'd). We must maintain
appropriate deference to the jury's verdict by finding error only when the verdict is so against the
great weight of the evidence as to be clearly wrong and unjust. Reina, 940 S.W.2d at 773. Our
review of the evidence reveals no contrary evidence supporting appellant's contention of factual
insufficiency. Given the testimonial evidence and abundance of circumstantial evidence, it cannot
be said that the jury's verdict was contrary to the great weight of the evidence. Appellant's first
two points of error are overruled.

 Appellant next contends that the trial court erred in overruling his objection to the
inclusion of an instruction on the law of parties in the jury charge. Appellant argues that there was
no evidence that he encouraged the commission of an offense or that he and Saucedo were acting
in concert. We disagree. 

 "When the evidence is sufficient to support both primary and party theories of
liability, the trial court does not err in submitting an instruction on the law of parties." Ransom
v. State, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994), cert. denied, 117 S. Ct. 587 (1996). 
Evidence is sufficient to convict under the law of parties where the defendant is physically present
at the commission of the offense and encourages its commission by words or other agreement. 
See Cordova v. State, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985), cert. denied, 476 U.S. 1101
(1986). "In determining whether the accused participated as a party, the court may look to events
occurring before, during and after the commission of the offense, and may rely on actions of the
defendant which show an understanding and common design to do the prohibited act." Id. 
Circumstantial evidence may be used to prove party status. See id.

 The evidence was sufficient to show that appellant was present at the crime scene
and aided or attempted to aid Saucedo to commit the offense. The evidence indicated that both
Saucedo and appellant were in the vehicle carrying marihuana. Both appellant and Saucedo gave
false accounts of their relationship and the nature of their travel, indicating that they were working
in concert to prevent a crime from being discovered. Appellant fled the vehicle when Trooper
Vetter discovered the marihuana, tending to prove that appellant knew that there was contraband
in the car. When appellant fled, Saucedo identified him by a false name, further evidencing their
cooperative effort. Therefore, we conclude the trial court properly included an instruction on the
law of parties. Point of error three is overruled.

 The judgment of conviction is affirmed.



 

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Powers*

Affirmed

Filed: March 11, 1999

Do Not Publish




* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Evidence of flight is a circumstance from which guilt may be drawn. See Burks v. State, 876
S.W.2d 877, 903 (Tex. Crim. App. 1994); Foster v. State, 779 S.W.2d 845, 859 (Tex. Crim.
App. 1989).



tnesses and the weight
to be given their testimony, and may accept or reject all or any part of the evidence. See
Cas