COURT 
OF APPEALS
                                       
SECOND DISTRICT OF TEXAS
                                                   
FORT WORTH
 
 
                                        
NO. 2-04-271-CR
 
 
CHRISTOPHER 
RAY DAVIS                                                   
APPELLANT
 
                                                   
V.
 
THE STATE 
OF TEXAS                                                                
STATE
 
                                              
------------
 
           
FROM THE 372ND DISTRICT COURT OF TARRANT 
COUNTY
 
                                              
------------
 
                                
MEMORANDUM 
OPINION[1]
 
                                              
------------
I. 
Introduction

Appellant 
Christopher Ray Davis appeals from his conviction for possession of marihuana of 
five pounds or less but more than four ounces.  Following a bench trial, the trial court 
found Davis guilty and sentenced him to two years= 
confinement, but the court suspended the sentence and placed Davis on community 
supervision for a period of three years and imposed a $600 fine as a condition 
of community supervision.  In two 
points, Davis argues that the evidence is legally and factually insufficient to 
support his conviction.  We will 
affirm.
II.  Factual and Procedural 
Background
On 
October 11, 2002, Officer Roger E. Yount Jr. stopped Davis for speeding.  Davis did not have a driver=s 
license or proof of insurance.  He 
gave the officer an ID card and explained that he had just picked up the Hyundai 
Accent he was driving from the Fort Worth Auto Pound and was on his way to get 
it registered in his name.  Davis 
did not have any paperwork from the auto pound.  He gave Officer Yount a copy of 
paperwork documenting a mechanic=s 
lien, but the license plate number on the lien document did not match the number 
on the Hyundai=s 
plates.  Officer Yount arrested 
Davis, searched the Hyundai, and found marihuana inside a vinyl cooler on the 
floorboard behind the driver=s 
seat. 
At 
trial, Officer Yount testified regarding the above facts.  Officer Yount further testified that he 
did not understand why Davis would be traveling in the direction he was 
traveling when he was stopped if he were coming from the auto pound.  Another officer in charge of releasing 
vehicles from the auto pound testified that the auto pound=s 
records do not indicate that Davis picked up a vehicle on or around October 11, 
2002.  


Davis 
testified that at the time of his arrest, he worked for his aunt, Gloria 
Martinez, at an auto body repair shop in Addison.  He explained that Martinez had asked him 
to take the Hyundai to Fort Worth to get it registered.  Davis testified that after leaving the 
auto body repair shop, he dropped off lunch for his girlfriend at her place of 
employment in White Settlement and that he possessed the car for no more than 
two hours before Officer Yount stopped him.  Davis testified that he never told 
Officer Yount that he had picked up the car from the Fort Worth Auto Pound.  He claimed instead that he told the 
officer he was coming from the auto body repair shop in Addison.  Davis=s 
girlfriend, Ramona LaFountain, testified that Davis is her boyfriend and that he 
was on his way to bring her lunch on October 11, 2002 when he called to say he 
was getting pulled over.   

Gloria 
Martinez testified that the owner of the Hyundai left the car at the auto body 
repair shop where Martinez works and that the shop decided to put a lien on the 
car for storage.  She testified that 
after the shop employees fixed the Hyundai, she asked Davis to take it to the 
Tarrant County subcourthouse to register it in her name.  Martinez explained that the employees at 
the shop would never search a customer=s car 
unless and until it was actually registered in the shop=s 
name.  
 
 

III.  Legal and Factual Sufficiency of the 
Evidence
In two 
points, Davis complains that evidence is legally and factually 
insufficient.  Specifically, Davis 
complains that the evidence is legally insufficient to prove that he had actual 
care, custody, and control of the marihuana and factually insufficient to prove 
that he possessed the marihuana.    
A.  Legal Sufficiency 
Standard
In 
reviewing the legal sufficiency of the evidence to support a conviction, we view 
all the evidence in the light most favorable to the judgment in order to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 
307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v. State, 165 S.W.3d 691, 
693 (Tex. Crim. App. 2005).

This 
standard gives full play to the responsibility of the trier of fact to resolve 
conflicts in the testimony, to weigh the evidence, and to draw reasonable 
inferences from basic facts to ultimate facts.  Jackson, 443 U.S. at 319, 99 S. 
Ct. at 2789.  The trier of fact is 
the sole judge of the weight and credibility of the evidence.  See Tex. Code Crim. Proc. Ann. art. 38.04 
(Vernon 1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 
2000).  Thus, when performing a 
legal sufficiency review, we may not re-evaluate the weight and credibility of 
the evidence and substitute our judgment for that of the fact finder.  Dewberry v. State, 4 S.W.3d 735, 
740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in 
the evidence in favor of the judgment.  
Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 
2000).
In 
determining the legal sufficiency of the evidence to show appellant's intent, 
and faced with a record that supports conflicting inferences, we Amust 
presumeCeven 
if it does not affirmatively appear in the recordCthat 
the trier of fact resolved any such conflict in favor of the prosecution, and 
must defer to that resolution.@  Matson v. State, 819 S.W.2d 839, 
846 (Tex. Crim. App. 1991).
B.  Factual Sufficiency 
Standard

In 
reviewing the factual sufficiency of the evidence to support a conviction, we 
are to view all the evidence in a neutral light, favoring neither party.  See Zuniga v. State, 144 S.W.3d 
477, 481 (Tex. Crim. App. 2004).  
The only question to be answered in a factual sufficiency review is 
whether, considering the evidence in a neutral light, the fact finder was 
rationally justified in finding guilt beyond a reasonable doubt.  Id. at 484.  There are two ways evidence may be 
factually insufficient:  (1) the 
evidence supporting the verdict or judgment, considered by itself, is too weak 
to support the finding of guilt beyond a reasonable doubt; or (2) when there is 
evidence both supporting and contradicting the verdict or judgment, weighing all 
of the evidence, the contrary evidence is so strong that guilt cannot be proven 
beyond a reasonable doubt.  
Id. at 484-85.  
AThis 
standard acknowledges that evidence of guilt can >preponderate= in 
favor of conviction but still be insufficient to prove the elements of the crime 
beyond a reasonable doubt.@  Id. at 485.  In other words, evidence supporting a 
guilty finding can outweigh the contrary proof but still be insufficient to 
prove the elements of an offense beyond a reasonable doubt.  Id.           In 
performing a factual sufficiency review, we are to give deference to the fact 
finder=s 
determinations, including determinations involving the credibility and demeanor 
of witnesses.  Id. at 481; 
Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for 
that of the fact finder=s.  Zuniga, 144 S.W.3d at 482.  
A 
proper factual sufficiency review requires an examination of all the 
evidence.  Id. at 484, 
486-87.  An opinion addressing 
factual sufficiency must include a discussion of the most important and relevant 
evidence that supports the appellant=s 
complaint on appeal.  Sims v. 
State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
C.  Legal and Factual Sufficiency of the 
Evidence

A 
person commits an offense if the person knowingly or intentionally possesses a 
usable quantity of marihuana.  Tex. Health & Safety Code Ann. 
' 
481.121(a) (Vernon 2003).  To prove 
unlawful possession of marihuana, the State must show that the defendant 
exercised actual care, custody, control, or management over the contraband and 
that he knew the substance in his possession was a controlled substance.  See id. ' 
481.002(38) (Vernon Supp. 2005); Brown v. State, 911 S.W.2d 744, 747 
(Tex. Crim. App. 1995); McQuarters v. State, 58 S.W.3d 250, 259 (Tex. 
App.CFort 
Worth 2001, pet. ref=d).  Evidence supporting these elements may 
be direct or circumstantial.  
Hudson v. State, 128 S.W.3d 367, 374 (Tex. App.CTexarkana 
2004, no pet.).  When the contraband 
is not found on the accused=s 
person or it is not in his exclusive possession, additional facts must 
affirmatively link the accused to the contraband.  
Id.

Circumstances 
that may link a defendant to the controlled substance include (1) the defendant 
was present when the search was executed; (2) the contraband was in plain view; 
(3) the contraband was in close proximity to or accessible by the defendant; (4) 
the place where the contraband was found was enclosed; (5) the defendant was 
under the influence of contraband; (6) the defendant was in possession of other 
contraband when he was arrested; (7) the defendant made incriminating statements 
when he was arrested; (8) the defendant attempted to flee; (9) the defendant 
made furtive gestures; (10) there was an odor of contraband present at the 
scene; (11) other contraband or drug paraphernalia were present that were not 
included in the charge; (12) the defendant owned or had a right to possess the 
place where the controlled substance was found; and (13) there was a large 
quantity of drugs found.  See 
id.; McQuarters, 58 S.W.3d at 259; Washington v. State, 902 
S.W.2d 649, 652 (Tex. App.CHouston 
[14th Dist.] 1995, pet. ref=d).  The number of relevant factors is less 
significant than the logical force to which they establish a link between the 
accused and the controlled substance.  
See Hudson, 128 S.W.3d at 374.
Davis=s sole 
argument supporting his contention that the evidence is legally and factually 
insufficient to support his conviction for possession of marihuana is that the 
State=s 
evidence does not affirmatively link Davis to the marihuana.[2]  But several factors do exist connecting 
Davis to the marihuana.  Davis was 
the sole occupant of the Hyundai and was present during the search of the 
Hyundai; Officer Yount discovered the marihuana in the vehicle Davis was 
driving; Davis could have easily accessed the marihuana; and Officer Yount found 
a substantial amount of marihuana in the enclosed cooler in the backseat 
floorboard.  See Cabrales v. 
State, 932 S.W.2d 653, 657 (Tex. App.CHouston 
[14th Dist.] 1996, no pet.) (stating that backseat and rear area of vehicle is 
an enclosed area).

Additionally, 
Davis=s 
testimony conflicted in several respects with other witnesses=s 
trial testimony.  For example, 
Davis=s 
girlfriend testified that Davis never dropped off her lunch; Davis testified 
that he did.  Officer Yount 
testified that at the time of the stop, Davis said he was coming from the Fort 
Worth Auto Pound; Davis testified that he did not say this.  Thus, the trial court could have 
resolved the credibility determinations against Davis.  See Johnson v. State, 23 S.W.3d 
1, 8 (Tex. Crim. App. 2000).  Under 
the appropriate standards of review, we are to give deference to the fact 
finder=s 
determinations, including determinations involving the credibility and demeanor 
of witnesses; we cannot sit as a thirteenth juror, and we may not substitute our 
judgment for that of the fact finder=s.  Zuniga, 144 S.W.3d at 481-82. 

Accordingly, 
viewing all the evidence in the light most favorable to the verdict, we hold 
that a rational trier of fact could have found the essential elements of the 
offense beyond a reasonable doubt.  
See Jackson, 443 U.S. at 319, 99 S. Ct. at 2789.  Moreover, viewing all the evidence in a 
neutral light, favoring neither party, we hold that the trial court was 
rationally justified in finding guilt beyond a reasonable doubt; the evidence 
supporting the verdict is not too weak to support the finding of guilt beyond a 
reasonable doubt, and the contrary evidence is not so strong that the 
beyond-a-reasonable-doubt standard could not have been met.  See Zuniga, 144 S.W.3d at 
484-85.  We overrule 
Davis=s 
first and second points. 

IV. 
Conclusion
Having 
overruled Davis=s two 
points, we affirm the trial court=s 
judgment.
 
 
 
SUE 
WALKER
JUSTICE
 
PANEL B:   LIVINGSTON, GARDNER, and WALKER, 
JJ.
 
DO NOT 
PUBLISH
Tex. 
R. App. P. 
47.2(b)
 
DELIVERED: December 8, 
2005




[1]See Tex. R. App. P. 
47.4.

[2]Davis relies primarily 
upon Humason v. State, 728 S.W.2d 363 (Tex. Crim. App. 1987).  While Humason did apply an 
affirmative links analysis, the actual holding was premised upon old law 
requiring the State to disprove all reasonable alternative hypotheses.  See id. at 366.   (AWithout some evidence 
excluding the equally reasonable hypothesis that appellant was unaware of the 
presence of the cocaine, the trier of fact could not conclude beyond a 
reasonable doubt that appellant knowingly possessed the cocaine.@)  Consequently, we do not follow 
Humason=s 
analysis.