Ellis RANDLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–90–287–CR.

Court of Appeals of Texas, Austin.

April 8, 1992.

James M. Pape, San Marcos, for appellant.

Charles R. Kimbrough, Crim. Dist. Atty., Lockhart, for appellee.

Before POWERS, JONES and KIDD, JJ.

PER CURIAM.

Appellant was convicted of possession of cocaine and sentenced to imprisonment for six years and a $500.00 fine, probated. Texas Controlled Substances Act, Tex. Health & Safety Code Ann. § 481.115 (Pamph.1992). In two points of error appellant contends that the trial court erred in denying appellant's motion to suppress

1. Officer Kunze did not testify at trial.

and that insufficient evidence exists to prove appellant's knowing possession of cocaine beyond a reasonable doubt. We will reverse.

In March 1990, deputies from the Caldwell County and Hays County Sheriff Departments and San Marcos police officers were searching the residence of Robert Rodriguez pursuant to a controlled-substances search warrant. While conducting the search, Police Officer Kunze allegedly answered a telephone call from a person who identified himself as "Randle."[1] "Randle" asked for Robert, and after Officer Kunze stated that Robert could not come to the telephone, "Randle" said, "I'll be over in a little while." "Randle" made no statement concerning drugs nor did he describe the car he would be driving. Officer Kunze informed his partners that a black male had called and that this man was probably coming from San Marcos to Rodriguez's house to buy some drugs. Officer Kunze based this statement on the fact that "Randle" sounded like a black male and Robert Rodriguez was a drug dealer. The officer gave no explanation for his statement that the man was probably coming from San Marcos.

Appellant was driving a green BMW when he arrived at Rodriguez's house shortly after the telephone call, and he entered Rodriguez's driveway. When approached by deputy sheriffs, appellant said that he was merely driving around and passing through the neighborhood. The deputies requested appellant's identification, which he provided after retrieving his wallet by using a legal penknife to cut a wire holding the glove compartment shut. Appellant's driver's license showed that he was from San Marcos.

The deputies conducted a *Terry* search during which appellant told the deputies that he had a gun in the trunk of the car. *See Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed. 889 (1968). The deputies proceeded to search the trunk and found an unloaded pistol and a box of cartridges.[2]

2. Appellant was also charged with unlawfully carrying a weapon, but this charge was

One deputy testified that appellant was not free to leave once the pistol was discovered. The deputies then allegedly obtained oral consent to search appellant's car with a dog, and they found a leather pouch in a visible compartment of the driver's door. This pouch contained two straws, a mirror, a razor blade, and a small vial containing cocaine. None of the deputies attempted to obtain appellant's written consent to search the car even though the Caldwell County deputies had consent forms in their patrol vehicles in accordance with the standard practices of the Caldwell County Sheriff's Department. One of the Caldwell County deputy sheriffs testified that he was taught to obtain written consent for a search when possible. After his indictment appellant filed a motion to suppress this evidence, which the district court denied.

In point of error two appellant contends that insufficient evidence exists to prove appellant's knowing possession of cocaine beyond a reasonable doubt.[3] Appellant argues that the facts of this cause are substantially similar to those in *Humason v. State*, 728 S.W.2d 363 (Tex.Crim.App. 1987). We agree.

When a defendant is charged with unlawful possession of a controlled substance, the State must prove that he *knowingly or intentionally* exercised actual care, custody, control, or management over the controlled substance, i.e., the State must prove that the defendant knew that what he possessed was contraband. *Humason*, 728 S.W.2d at 363, 365; Texas Controlled Substances Act, Tex. Health & Safety Code Ann. §§ 481.102(5), 481.002(38), 481.115(a) (Pamph.1992). "By providing that a defendant must, at a minimum, be aware that his conduct or the circumstances surrounding his conduct constitute possession of a controlled substance, it is

not enough for the State to show that a defendant was merely present in the vicinity of a controlled substance." *Humason*, 728 S.W.2d at 365 (citations omitted). The State must instead provide evidence of affirmative links between a defendant and a controlled substance. *Id.*

The State must prove the mens rea element of knowing or intentional possession beyond a reasonable doubt. The oft-repeated test for review of the sufficiency of the evidence to support a criminal conviction is whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. This Court does not ask whether it believes that the evidence at trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Griffin v. State*, 614 S.W.2d 155, 159 (Tex.Crim. App.1981). Furthermore, in circumstantial-evidence cases like the instant cause, we cannot sustain a conviction based on circumstantial evidence if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the defendant. *Humason*, 728 S.W.2d at 366 (citing *Carlsen v. State*, 654 S.W.2d 444, 449–50 (Tex.Crim.App.1983)).[4]

In *Humason*, the defendant was the sole occupant of a pickup truck and an unzipped gym bag was on the seat of the truck within his reach. The gym bag contained a small vial of cocaine. *Humason*, 728 S.W.2d at 366. The court of criminal appeals held that the fact the defendant was the sole occupant of the truck only exclud-

---

dropped. *See* Tex. Penal Code Ann. § 46.02 (1989).

**3.** Although appellant does not specify whether the evidence is legally insufficient or factually insufficient, the context shows that he is arguing a legal-sufficiency point. *See Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965); *Stone v. State*, 823 S.W.2d 375, 377 n. 2 (Tex.App.—Austin, Jan. 8, 1992, pet. filed).

**4.** *See generally Geesa v. State*, 820 S.W.2d 154, 161–62 (Tex.Crim.App.1991) (overruling *Carlsen* and requiring the use of an express instruction on "reasonable doubt"). *Geesa* is limited to cases tried after November 6, 1991, and, thus, does not apply to this cause.

ed the hypothesis that the defendant was unaware of the contents of the truck *if* the trier of fact also had proof that the defendant recently had sole access to the truck. *Id.* The court stated that a person's mere presence in the vicinity of a controlled substance is not sufficient to establish possession. *Id.* at 366–67.

The court also held that the fact the gym bag was unzipped only excluded the hypothesis that the defendant was unaware of the bag's contents *if* the trier of fact also had proof that the defendant had some connection to the bag or its contents, other than physical proximity. *Id.* at 367. Finally, the court held that the fact the controlled substance was identified as cocaine only excluded the hypothesis that the defendant was unaware of the bag's contents *if* the trier of fact also had proof suggesting that the defendant was aware of that particular controlled substance. *Id.*

The facts of the instant cause are remarkably similar to those in *Humason.* There is no evidence in the record that appellant had sole access to the green BMW recently before his arrest or that appellant even owned the BMW. Furthermore, there is no evidence in the record that appellant had some connection to the pouch or its contents, other than physical proximity, or that appellant was familiar with cocaine in general. Thus, under *Humason* there must be some other evidence affirmatively linking appellant to the contraband.

The only additional affirmative links that the State points to as controlling are the telephone call,[5] appellant's statement that he was merely driving around and passing through the neighborhood, and appellant's possession of a knife and pistol. Considering all the evidence in the light most favorable to the prosecution, we do not find these "links" to be persuasive.

First, even if we assume appellant made the telephone call, this evidence only ex-

cludes the hypothesis that the defendant did not know Robert Rodriguez. Even assuming that Rodriguez was a drug dealer, we cannot say that knowing a drug dealer or visiting his house is probative of appellant's knowing possession of the cocaine, absent proof that appellant knew Rodriguez was a drug dealer.

Second, appellant's statement that he was merely driving around and passing through the neighborhood does not necessarily rise to the level of an intentional falsehood as urged by the State. The State argues that this statement is contradicted by the fact that appellant called ahead to tell Rodriguez he was coming. Again assuming that appellant made the telephone call, we do not consider his statement to the police to be false. Appellant may very well have been in the vicinity of Rodriguez's residence, "driving around and passing through the neighborhood," when he made the telephone call.

Finally, appellant's possession of a legal penknife and a pistol only shows that appellant may have violated the law regarding unlawful possession of a weapon and that he was familiar with contents of the car's closed compartments. The leather pouch, however, was located in a *visible* compartment of the driver's door, similar to the gym bag on the truck seat in *Humason.* If the State had produced evidence to show that the BMW belonged to appellant or that he had sole access to the BMW recently before his arrest, appellant's familiarity with the car's closed compartments might have been sufficient to prove mens rea. In the absence of such evidence, however, it is not.

Taken together, these "links" show only that appellant knew Rodriguez and visited his home for some unknown reason, and that appellant possessed a legal penknife and an arguably unlawful pistol. It cannot reasonably be inferred from this evidence that appellant was aware of the cocaine found in the car.

**5.** Appellant claims that the hearsay testimony regarding the telephone call was admitted at trial only for the limited purpose of determining if there was probable cause for the search. The State argues that appellant waived the objection.

Because we hold that the evidence is insufficient even if the hearsay evidence is considered, we do not decide whether appellant has waived his objection.

The State has failed to show any of the following common "links" of a controlled substance to a defendant: controlled substance in plain view, furtive gestures, an attempt to escape, incriminating statements, traces of the controlled substance or drug paraphernalia on defendant's person, defendant under the influence of a controlled substance, sole access to the vehicle, ownership of the vehicle, or consciousness of guilt. *E.g., Whitworth v. State*, 808 S.W.2d 566, 569 (Tex.App.1991, pet. ref'd). Under the unique facts of this cause, we are compelled by *Humason* to hold that the evidence fails to eliminate the reasonable hypothesis that appellant was unaware of the presence of cocaine; stated differently, the evidence fails to render such a hypothesis unreasonable. Therefore, we hold that no rational trier of fact could have found appellant guilty beyond a reasonable doubt of intentionally or knowingly possessing the controlled substance. Point of error two is sustained.

Because of our disposition of point of error two, we do not reach point of error one. The judgment of the district court is reversed and reformed to reflect an acquittal.