IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-328-CR





KENNETH WAYNE REAGAN,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT



NO. CR-87 382, HONORABLE ALBERT PRUETT, JUDGE PRESIDING



 




 This is an appeal from a conviction for knowingly and intentionally possessing a
controlled substance, namely, cocaine in an amount of less than twenty-eight grams. After the
jury found the appellant guilty, the trial court assessed his punishment at ten years' imprisonment. 
The imposition of the sentence was suspended and the appellant was placed on probation subject
to certain conditions.

 Appellant advances four points of error. We need not detail all of the points of
error since we shall sustain appellant's first point of error challenging the sufficiency of the
evidence to prove beyond a reasonable doubt that appellant intentionally or knowingly possessed
cocaine.

 About 2:00 a.m. on September 20, 1987, San Marcos Police Officer Wayne Casteel
stopped the car that appellant was driving for making an illegal or improper left hand turn. 
Appellant was alone. He presented his driver's license and proof of insurance to Casteel. With
his flashlight, Officer Casteel surveyed the interior of the car which was cluttered with paper and
miscellaneous trash. The police dispatcher informed Casteel that appellant had two outstanding
traffic warrants resulting from tickets issued by the Highway Patrol. Casteel radioed the Highway
Patrol and Troopers Jeff Sones and Brian Freeman responded. Casteel noted the smell of alcohol
on appellant's breath but believed appellant's condition to be "marginal." He referred the matter
to the troopers upon their arrival. They smelled alcohol on appellant's breath and, after field tests
they determined to arrest appellant for driving while intoxicated. Appellant was given the option
of having the vehicle towed at his expense or having Trooper Freeman drive the car to the
sheriff's department. Appellant consented to the latter choice. When Trooper Freeman entered
the car, he observed that the lid to the console separating the front seats was missing. The console
had paper and trash in it. At the top, Freeman saw a cellophane wrapper from a cigarette package
containing a stamp. The wrapper was rolled up. Freeman examined the wrapper and observed
a white powdery substance which he believed to be cocaine. A search of the car failed to reveal
any other contraband or drug paraphernalia. No contraband was found on appellant's person nor
was it shown that he was under the influence of a controlled substance.

 Later, appellant submitted to an intoxilyzer test which showed that he was (.07)
below the legal limit of alcohol in the blood (.10). The chemist testified that the substance
delivered to him "was 0.15 or fifteen-hundredths of one gram of cocaine."

 At no time did the State show that the vehicle appellant was driving belonged to
him or how long he had been in the vehicle before he was stopped. Appellant claims that the
evidence is insufficient to prove beyond a reasonable doubt that he knowingly possessed the small
amount of cocaine.

 The standard for reviewing the sufficiency of the evidence is whether, viewing the
evidence in the light most favorable to the jury's verdict, any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 319 n.12 (1979); Humason v. State, 728 S.W.2d 363, 366 (Tex. Crim. App. 1987);
Dickey v. State, 693 S.W.2d 386, 387 (Tex. Crim. App. 1983). The standard for review is the
same in both direct and circumstantial evidence cases. Herndon v. State, 787 S.W.2d 408, 409
(Tex. Crim. App. 1990); Chambers v. State, 711 S.W.2d 240, 245 (Tex. Crim. App. 1986);
Houston v. State, 663 S.W.2d 455, 456 (Tex. Crim. App. 1984). A conviction based upon
circumstantial evidence cannot be sustained if the circumstances do not exclude every other
reasonable hypothesis except that of the defendant's guilt. Humason 728 S.W.2d at 366; Burns
v. State, 676 S.W.2d 118, 120 (Tex. Crim. App. 1984). (1) Proof which amounts only to strong
suspicion or mere probability of guilt is insufficient to support a conviction. Moore v. State, 640
S.W.2d 300, 302 (Tex. Crim. App. 1982).

 If, after viewing the evidence in this light, there is a reasonable hypothesis other
than the guilt of the accused, then it cannot be said that guilt has been shown beyond a reasonable
doubt. Martin v. State, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988); Anderson v. State, 701
S.W.2d 868, 872 (Tex. Crim. App. 1985).

 In order to prove unlawful possession of a controlled substance, the State must
prove that the accused (1) exercised care, control, and management over the contraband and 
(2) knew the substance he possessed was contraband. Cude v. State, 716 S.W.2d 46, 47 (Tex.
Crim. App. 1986).

 Whether the theory of the prosecution is sole or joint possession, the evidence must
affirmatively link the accused to the contraband by a showing which indicates the accused's
knowledge and control of the contraband. Waldon v. State, 579 S.W.2d 499, 501 (Tex. Crim.
App. 1979). The burden of showing an affirmative link or links rests upon the State. Damron
v. State, 570 S.W.2d 933, 935 (Tex. Crim. App. 1976). It is not enough for the State to show
that the defendant was merely present in the vicinity of a controlled substance. Humason, 728
S.W.2d at 365.

 Only recently this Court, reversing a cocaine possession conviction in Randle v.
State, 828 S.W.2d 315 (Tex. App.--Austin 1992, no pet.), discussed the holding in Humason.


 In Humason the defendant was the sole occupant of a pickup truck and an
unzipped gym bag was on the seat of the truck within the truck within his reach. 
The gym bag contained a small vial of cocaine. Humason, 728 S.W.2d at 366. 
The court of criminal appeals held that the fact the defendant was the sole occupant
of the truck only excluded the hypothesis that the defendant was unaware of the
contents of the truck if the trier of fact also had proof that the defendant recently
had sole access to the truck. Id. The court stated that a person's mere presence
in the vicinity of a controlled substance is not sufficient to establish possession. 
Id. at 366-67.


 The court also held that the fact the gym bag was unzipped only excluded
the hypothesis that the defendant was unaware of the bag's contents if the trier of
fact also had proof that the defendant had some connection to the bag or its
contents, other than physical proximity. Id. at 367. Finally, the court held that
the fact the controlled substance was identified as cocaine only excluded the
hypothesis that the defendant was unaware of the bag's contents if the trier of fact
also had proof suggesting that the defendant was aware of that particular controlled
substance. Id.



Randle, 828 S.W.2d at 317-18.

 The facts of the instant cause are similar to those in Humason and Randle. There
is no evidence in the record that appellant had recent sole access to the car in question before he
was stopped or that he owned the car. Moreover, there is no evidence in the record that appellant
had some connection to the cellophane wrapper or its contents, other than physical proximity, or
that appellant was familiar with cocaine in general. The State has failed to show any of the
following common "affirmative links" of a controlled substance to a defendant: furtive gestures,
an attempt to escape, incriminating statements, controlled substance on the defendant's person,
drug paraphernalia in the car, defendant under the influence of a controlled substance, sole access
to the vehicle, ownership of the vehicle, or consciousness of guilt. See Randle, 828 S.W.2d at
319; Whitworth v. State, 808 S.W.2d 566, 569 (Tex. App.--Austin 1991, pet. ref'd). Under the
facts of this case, we are compelled by Humason to hold that the evidence failed to eliminate the
reasonable hypothesis that appellant was unaware of the presence of cocaine. To state it
differently, the evidence fails to render such a hypothesis unreasonable. See Randle, 828 S.W.2d
at 319. Therefore, we hold that no rational trier of fact could have

found appellant guilty beyond a reasonable doubt of intentional or knowing possession of the
cocaine as charged. The State agrees and confesses error. Appellant's first point of error is
sustained. In view of our disposition of this cause, we need not address appellant's other points
of error.

 The judgment of conviction is reversed and reformed to reflect an acquittal. See
Burks v. United States, 437 U.S. 1 (1978); Greene v. Massey, 437 U.S. 19 (1978).



 John F. Onion, Jr., Justice


[Before Justices Powers, B. A. Smith and Onion*]

Reversed and Reformed to Reflect Acquittal

Filed: October 28, 1992

[Do Not Publish]

























* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1. Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991) has now overruled the reasonable
hypothesis other than guilt construct. However, the Geesa decision is not to be applied
retrospectively. It is applicable only to cases tried after November 21, 1991. The instant case
was tried in November 1990.