TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00370-CV






In the Matter of V. M.







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-12,984, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING







 The State filed a petition alleging that V.M., a juvenile, engaged in delinquent
conduct by possessing marihuana in an amount of two ounces or less. See Tex. Health & Safety
Code Ann. § 481.121(a), (b)(1) (West Supp. 1999). The court adjudicated appellant delinquent
and committed him to the Texas Youth Commission. In one issue, appellant contends that the
evidence is insufficient to support the court's delinquency judgment. We will affirm the court's
judgment.


Background


 The only witness to testify at the adjudication hearing was Austin Police Officer
David Fugitt. On May 10, 1998, Fugitt was on patrol in the 2300 block of Wertz Avenue.
Around 3:00 a.m., he noticed several juveniles standing in the street around the back of a parked
blue Cadillac. Fugitt parked his patrol car away from the group. He got out of the car, hid behind
a tree and observed the group from about fifty feet away. The lighting was good enough that he
could see the individuals but he could not see underneath the car. Fugitt recognized one group
member as appellant since he had had dealings with him in the past. Fugitt knew appellant was
under seventeen years old. Fugitt believed the group was violating the city curfew. He continued
to watch the group and realized from a familiar odor that some of them were smoking marihuana. 
Appellant was standing next to the right rear tire while the other juveniles were standing three to
four feet directly behind the car. He saw two of the juveniles, but not appellant, pass a cigar pipe,
or blunt, back and forth.

 As Fugitt approached the group, one of the individuals ran away. When Fugitt was
fifteen to twenty feet away from the group, appellant "turned his back to me and then he bent over
and appeared as though he was straightening his pant leg." Fugitt approached the car from the
left side and appellant, with his back against the right side of the car, bent over, stood up, and
slowly walked away from the car. Fugitt walked to the right rear of the car to the exact area
where he saw appellant bend over and found a plastic sandwich bag containing marihuana. The
plastic bag was lying directly next to the right rear tire. Fugitt believed that it had been placed
there rather than thrown because it was sitting upright next to the tire. On cross-examination,
Fugitt stated that he had not been able to see the right rear tire before he approached the group. 
Additionally, Fugitt never saw appellant or any of the other juveniles handle the plastic bag of
marihuana. Appellant was the only group member Fugitt observed in close proximity to the
plastic bag of marihuana. Fugitt explained that when appellant bent over, he could not see any
of appellant's hand movements. Because of appellant's actions and his close proximity to the
plastic bag of marihuana, Fugitt arrested appellant for possession of marihuana. Fugitt searched
appellant but did not find any marihuana on his body.


Discussion


 Appellant contends that the evidence was insufficient to support his delinquency
adjudication. He contends that the evidence did not establish that he exercised care, custody and
control over the plastic bag of marihuana because there was no affirmative link between him and
the marihuana.

 In determining the sufficiency of the evidence, the question is whether, after viewing
all the evidence in the light most favorable to the verdict, any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307
(1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155
(Tex. Crim. App. 1981). The standard of review is the same in direct and circumstantial evidence
cases. Green v. State, 840 S.W.2d 394, 401 (Tex. Crim. App. 1992). The trier of fact, in this case
the trial court, is the exclusive judge of the witness's credibility and the weight to be given his
testimony and is free to accept or reject any or all of the testimony. Adelman v. State, 828 S.W.2d
418, 421 (Tex. Crim. App. 1992). The fact finder may draw reasonable inferences and make
reasonable deductions from the evidence. Benevides v. State, 763 S.W.2d 587, 588-89 (Tex.
App.--Corpus Christi 1988, pet. ref'd).

 In order to adjudicate appellant delinquent for unlawful possession of marihuana,
the State must prove that appellant exercised care, control, and management over the marihuana
and that he knew the substance in his possession was marihuana. King v. State, 895 S.W.2d 701,
703 (Tex. Crim. App. 1995). Possession of marihuana need not be exclusive and evidence which
shows the accused jointly possessed the marihuana with others is sufficient. Whitworth v. State,
808 S.W.2d 566, 569 (Tex. App.--Austin 1991, pet. ref'd).

 When marihuana is not found on the body of the accused and when the accused is
not in exclusive possession of the place where the marihuana is found, there must be additional
independent facts and circumstances that affirmatively link the accused to the marihuana in such
a manner that it can be concluded he had control over it. See Brown v. State, 911 S.W.2d 744,
747-48 (Tex. Crim. App. 1995); Whitworth v. State, 808 S.W.2d 566, 569 (Tex. App.--Austin
1991, pet. ref'd); Trejo v. State, 766 S.W.2d 381, 384-85 (Tex. App.--Austin 1989, no pet.). 
An affirmative link generates a reasonable inference that the accused knew of the marihuana's
existence and exercised control over it. See Whitworth, 808 S.W.2d at 570. The independent
facts and circumstances must show that the accused's connection with the marihuana was more
than fortuitous. Brown, 911 S.W.2d at 746-47; Martinets v. State, 884 S.W.2d 185, 187 (Tex.
App.--Austin 1994, no pet.). The mere presence of the accused in the vicinity of where
marihuana is found is insufficient to establish possession of marihuana. McGoldrick v. State, 682
S.W.2d 573, 578-79 (Tex. Crim. App. 1985); Oaks v. State, 642 S.W.2d 174, 177 (Tex. Crim.
App. 1982); Randle v. State, 828 S.W.2d 315, 317 (Tex. App.--Austin 1992, no pet.).

 Various factors have been articulated to help determine what constitutes an
affirmative link so that the accused's connection to the marihuana meets the elements of intentional
and knowing possession. See Whitworth, 808 S.W.2d at 569 (summarizing and listing thirteen
factors identified in various opinions from court of criminal appeals tending to establish elements
of possession); Trejo, 766 S.W.2d at 384-85. "The number of factors present is less important
than the logical force of those factors, alone or in combination, in establishing the elements of the
offense." Martinets, 884 S.W.2d at 188 (citing Whitworth, 808 S.W.2d at 569 , and Trejo, 766
S.W.2d at 385).

 Of the factors we set out in Whitworth, the ones applicable in this case include
whether (1) the marihuana was in plain view; (2) the marihuana was conveniently accessible to the
accused; (3) a strong odor of marihuana was present; (4) paraphernalia to use the marihuana was
in view of the accused; and (5) the conduct of the accused indicated a consciousness of guilt.

 In the present case, Fugitt did not find the marihuana away from the car where the
other juveniles were standing but instead found it on the ground exactly where appellant had been
standing before he walked away. Because of the way the plastic bag was sitting on the ground,
it did not appear to Fugitt that it had been thrown but that it had been placed on the ground. Since
appellant was standing next to the right rear tire and the other five juveniles were standing three
to four feet away from the back of the car, appellant was the only member of the group in close
proximity to the marihuana and it was easily accessible to him. Additionally, only appellant bent
down next to the right rear tire where Fugitt found the marihuana. Fugitt noticed a strong
marihuana odor coming from appellant. Fugitt observed appellant's companions passing a cigar
pipe or blunt back and forth in appellant's view. Finally, appellant's conduct of turning his back
to Fugitt, bending down, straightening up and then slowly walking away when Fugitt approached
him indicated a consciousness of guilt.

 As the State argued, these links when considered together would allow the fact
finder to infer that appellant had the plastic bag of marihuana in his possession, that when he saw
Fugitt approaching the group, he bent down to place it near the tire and then walked away from
the car. We hold that the evidence was sufficient to affirmatively link appellant to the plastic bag
of marihuana.


Conclusion


 When considered in the light most favorable to the verdict, the evidence would
allow a rational trier of fact to find that appellant exercised care, custody and control of the
marihuana beyond a reasonable doubt. The evidence is sufficient to establish that appellant
possessed marihuana. Appellant's issue is overruled and the court's judgment adjudicating
appellant delinquent is affirmed.



 

 Bea Ann Smith, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: July 29, 1999

Do Not Publish



worth v. State,
808 S.W.2d 566, 569 (Tex. App.--Austin 1991, pet. ref'd).

 When marihuana is not found on the body of the accused and when the accused is
not in exclusive possession of the place where the marihuana is found, there must be additional
independent facts and circumstances that affirmatively link the accused to the marihuana in such
a manner that it can be concluded he had control over it. See Brown v. State, 911 S.W.2d 744,
747-48 (Tex. Crim. App. 1995); Whitworth v. State, 808 S.W.2d 566, 569 (Tex. App.--Austin
1991, pet. ref'd); Trejo v. State, 766 S.W.2d 381, 384-85 (Tex. App.--Austin 1989, no pet.). 
An affirmative link generates a reasonable inference that the accused knew of the marihuana's
existence and exercised control over it. See Whitworth, 808 S.W.2d at 570. The independent
facts and circumstances must show that the accused's connection with the marihuana was more
than fortuitous. Brown, 911 S.W.2d at 746-47; Martinets v. State, 884 S.W.2d 185, 187 (Tex.
App.--Austin 1994, no pet.). The mere presence of the accused in the vicinity of where
marihuana is found is insufficient to establish possession of marihuana. McGoldrick v. State, 682
S.W.2d 573, 578-79 (Tex. Crim. App. 1985); Oaks v. State, 642 S.W.2d 174, 177 (Tex. Crim.
App. 1982); Randle v. State, 828 S.W.2d 315, 317 (Tex. App.--Austin 1992, no pet.).

 Various factors have been articulated to help determine what constitutes an
affirmative link so that the accused's connection to the marihuana meets the elements of intentional
and knowing possession. See Whitworth, 808 S.W.2d at 569 (summarizing and listing thirteen
factors identified in various opinions from court of criminal appeals tending to establish elements
of possession); Trejo, 766 S.W.2d at 384-85. "The number of factors present is less important
than the logical force of those factors, alone or in combination, in establishing the elements of the
offense." Martinets, 884 S.W.2d at 188 (citing Whitworth, 808 S.W.2d at 569 , and Trejo, 766
S.W.2d at 385).

 Of the factors we set out in Whitworth, the ones applicable in this case include
whether (1) the marihuana was in plain view; (2) the marihuana was conveniently accessible to the
accused; (3) a strong odor of marihuana was present; (4) paraphernalia to use the marihuana was
in view of the accused; and (5) the conduct of the accused indicated a consciousness of guilt.

 In the present case, Fugitt did not find the marihuana away from the car where the
other juveniles were standing but instead found it on the ground exactly where appellant had been
standing before he walked away. Because of the way the plastic bag was sitting on the ground,
it did not appear to Fugitt that it had been thrown but that it had been placed on the ground. Since
appellant was standing next to the right rear tire and the other five juveniles were standing three
to four feet away from the back of the car, appellant was the only member of the group in close
proximity to the marihuana and it was easily accessible to him. Additionally, only appellant bent
down next to the right rear tire where Fugitt found the marihuana. Fugitt noticed a strong
marihuana odor coming from appellant. Fugitt observed appellant's companions passing a cigar
pipe or blunt back and forth in appellant's view. Finally, appellant's conduct of turning his back
to Fugitt, bending down, straightening up and then slowly walking away when Fugitt approached
him indicated a consciousness of guilt.

 As the State argued, thes