NO. 07-02-0098-CR


 

IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 20, 2004



______________________________




SAMMY M. SIMS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;



NO. 2001-474231; HONORABLE DRUE FARMER, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ. 

OPINION


 Appellant Sammy Sims appeals from his conviction for possession of marijuana. 
By three issues he asserts that (1) the trial court erred in admitting scientific evidence and
expert testimony without a proper predicate, (2) the evidence was factually and legally
insufficient to support the jury's verdict, and (3) the trial court erred in admitting evidence
of an extraneous offense and further erred by failing to sua sponte include a reasonable
doubt instruction in the punishment charge. We affirm.

BACKGROUND

 Approximately 10:40 p.m. during the evening of March 11, 2001, appellant was
driving a vehicle in Lubbock, Texas, when he was stopped by Lubbock Police Officer Chad
Brouillette for driving with the vehicle's bright headlights on while facing oncoming traffic. 
Appellant pulled his vehicle into a private parking lot and parked the vehicle. After
appellant exited the vehicle, Brouillette smelled the odor of alcohol on appellant's breath. 
Brouillette then began administering field sobriety tests to appellant. Appellant attempted
to perform some of the tests but did not perform them according to Brouillette's
instructions. Appellant then refused to perform further field sobriety tests, at which point
Brouillette arrested appellant. Brouillette asked appellant if he wanted to sign a vehicle
release form, which would have allowed appellant to leave his vehicle in the parking lot. 
Appellant declined to sign the form. Brouillette then informed appellant that his vehicle
would be towed and, in accordance with department procedures, performed an inventory
search of appellant's vehicle. During the inventory search, Brouillette noted the strong
odor of marijuana in appellant's vehicle. Brouillette discovered the remnant of a used
"cigar blunt" in the vehicle's ashtray. Brouillette believed the blunt contained marijuana and
he field-tested it. According to the results of the field test, the cigar blunt contained
marijuana. 

 Appellant was charged with possession of marijuana. He pled not guilty. A jury
found appellant guilty and sentenced him to 180 days in jail, probated, and a $1000.00
fine.

 Appellant presents three issues on appeal. His first issue urges that the trial court
erred in admitting scientific evidence and expert testimony without proper predicate. His
second issue argues that the evidence was legally and factually insufficient to support the
verdict. By his third issue, appellant contends that the trial court erred in admitting
evidence of an extraneous offense, and further erred in failing to include an instruction in
the punishment charge regarding the proper consideration of extraneous offense evidence.

ISSUE ONE: ADMISSIBILITY OF EVIDENCE

 By his first issue, appellant argues that the trial court erred in admitting the results
of analyses conducted by the State's expert witness identifying the substance in the cigar
blunt as marijuana. Appellant also contends that the trial court erred in admitting
Brouillette's testimony concerning the results of a field test identifying the substance as
marijuana. In both cases, appellant argues that there was no evidence that (1) the
underlying scientific theory used to identify the substance was valid, (2) the technique
applying the theory was valid, (3) the technique was properly applied on the occasion in
question, and the admission of such evidence violated Tex. R. Evid. 702. See Hartman
v. State, 946 S.W.2d 60, 62 (Tex.Crim.App. 1997); Kelly v. State, 824 S.W.2d 568, 573
(Tex.Crim.App. 1992). The State responds that error was not preserved in regard to the
testimony objected to by appellant, and any error in regard to the admission of the
evidence was harmless because the substance was identified as marijuana by other
means without objection. 

 During Brouillette's direct examination by the State, the officer was asked whether
he field-tested the material found in the cigar blunt. Appellant objected to testimony
concerning the field test and its results on the basis that the test had not been shown to
be scientifically reliable or that it was performed properly. The objection was overruled,
and Brouillette testified as to the results of his field test. In addition, however, the officer
testified without objection at various times that the material he found in the cigar blunt was
marijuana. For example, the following testimony was given without objection:

 Q Once you began the inventory search, Officer, what was the first thing
that you noticed?

 A I noticed a strong odor of marijuana in the vehicle . . . I did locate what
- a cigar blunt is what it's called . . . they take the tobacco out of a
cigar and stuff it with marijuana . . . there was still a usable amount of
marijuana inside that cigar blunt in the vehicle.

* * * * * *


 Q Now, the marijuana that you found in the ashtray, did it appear that it
was old marijuana?

 A It was in the ashtray . . . It didn't appear like it had been in there that
long.

* * * * * *


 Q Officer, after you found the marijuana, did you ever make any mention
to the defendant that you found marijuana in the car?

 A No, I didn't.

* * * * * *


 Q Officer, have you had experience in your 4 years as an LPD officer
and your life's experience to see and smell marijuana?

 A Yes, I have.

 Q Based upon your experience, did this appear to be marijuana?

 A Yes, it did. It appeared to smell like it and look like it.

 Q And based upon your experience as a police officer, was this
defendant in possession of the marijuana?

 A Yes, he was. 

 Q Also, Officer, based upon your experience, is this amount, is this a
usable amount of marijuana?

 A Yes, it is.


 The officer also identified State's exhibit 2-A as the cigar blunt he found in
appellant's vehicle. 

 The State called DPS chemist Scott Williams to testify about the results of the
DPS's analysis of the material in the cigar blunt. Williams identified exhibit 2-A. The State
offered the exhibit into evidence, whereupon appellant's counsel objected to admission of
the exhibit because of insufficient predicate as to the reliability of the method of analysis
performed. The objection was overruled. Williams then testified, without objection, that
the DPS analysis showed the cigar blunt to contain .25 grams of marijuana. 

 An error in admission of evidence is cured where substantially the same evidence
comes in elsewhere without objection. See Hudson v. State, 675 S.W.2d 507, 511
(Tex.Crim.App. 1984). Assuming, arguendo, that the complained-of evidence was
inadmissible and that objection was timely made, appellant still did not preserve error
because the same or substantially the same evidence was admitted without objection
through testimony from both Brouillette and Williams. Id. We overrule appellant's first
issue.


ISSUE TWO: SUFFICIENCY OF THE EVIDENCE

 By his second issue, appellant challenges the legal and factual sufficiency of the
evidence to support a finding that appellant intentionally or knowingly possessed
marijuana.

 When reviewing challenges to both the legal sufficiency and the factual sufficiency
of the evidence to support the verdict, we first review the legal sufficiency challenge. 
Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). If the evidence is legally
sufficient to support the verdict, we then review the factual sufficiency challenge, if one is
properly raised. Id. Our review is taken being mindful that the jury is the sole judge of the
weight and credibility of the evidence. Santellan v. State, 939 S.W.2d 155, 164
(Tex.Crim.App. 1997). 

 The evidence is legally sufficient if, after viewing the evidence in the light most
favorable to the prosecution, a rational trier of fact could have found the essential elements
of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct.
2781, 2789, 61 L.Ed.2d 560 (1979); Clewis, 922 S.W.2d at 132. All the evidence is
reviewed, but evidence that does not support the verdict is disregarded. See, e.g.,
Chambers v. State, 805 S.W.2d 459, 460 (Tex.Crim.App. 1991). 

 A factual sufficiency review of the evidence begins with the presumption that the
evidence supporting the jury's verdict was legally sufficient under the Jackson test. Clewis,
922 S.W.2d at 134. Factual sufficiency review is accomplished without viewing the
evidence in the light most favorable to the prosecution, as the evidence is viewed in
determining legal sufficiency. Id. The evidence is factually sufficient to support the verdict
if the verdict is not so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust. Id. Stated otherwise, the evidence is not factually sufficient to support
a conviction if the appellate court determines, after viewing all the evidence, both for and
against the finding in a neutral light, that the proof of guilt is so obviously weak as to
undermine the confidence in the jury's determination, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23
S.W.3d 1, 11 (Tex.Crim.App. 2000). 

 To prove unlawful possession of a controlled substance, the State must show that
appellant exercised care, control or management over the contraband and that appellant
knew the substance was a controlled substance. Humason v. State, 728 S.W.2d 363, 365-66 (Tex.Crim.App.1987). Mere presence at a place where narcotics are found is not
sufficient to convict a person of possession in the absence of other evidence. Moss v.
State, 850 S.W.2d 788, 794 (Tex.App.--Houston [14th Dist.] 1993, pet. ref'd). When the
accused is not shown to have had exclusive possession of the place where the contraband
was found, the evidence must affirmatively link the accused to the contraband. Humason,
728 S.W.2d at 366. Evidence which creates a reasonable inference that the accused knew
of the existence of and exercised control over the controlled substance will suffice to meet
the burden of the State. Dickey v. State, 693 S.W.2d 386, 389 (Tex.Crim.App. 1984). 

 Examining the legal sufficiency of the evidence, we note that the evidence showed
that (1) appellant was the driver and sole occupant of the vehicle, (2) the marijuana was
found in a location which afforded appellant convenient access to it, (3) the marijuana
emitted a recognizable odor, (4) appellant knew what marijuana smelled like from previous
exposure to it, (5) appellant made a res gestae statement which could have been
interpreted as showing a consciousness on appellant's part of the presence of drugs in the
vehicle. Such evidence goes beyond appellant's mere presence in the vehicle, and
comprises links from which a rational jury could have found that appellant's connection with
the marijuana was knowing and intentional. See Brown v. State, 911 S.W.2d 744, 747
(Tex.Crim.App. 1995). The evidence was legally sufficient to prove that appellant
knowingly possessed the marijuana. 

 In regard to his factual sufficiency challenge, appellant directs our attention to the
following evidence: appellant testified that (1) he did not know the marijuana was in the
vehicle, (2) he did not notice the odor of marijuana in the vehicle, (3) he did not smoke the
marijuana, (4) he did not have exclusive control over the vehicle the day he was stopped,
and (5) another person known to appellant as a marijuana smoker had been in the vehicle
that day. Appellant also refers us to evidence that the vehicle was owned by appellant's
wife, not appellant, and his wife's testimony that appellant had not smoked marijuana since
they had gotten married one year and seven months ago. Appellant also argues that his
res gestae statement to the effect that he did not do drugs tended to exculpate him.

 After viewing all the evidence both for and against the jury's finding in a neutral light,
and being mindful to be appropriately deferential to the jury's resolution of credibility and
weight determinations, (1) we conclude that the evidence of guilt is neither so obviously weak
as to undermine our confidence in the jury's determination, nor so greatly outweighed by
contrary evidence that the verdict is clearly wrong and unjust. 

 We overrule appellant's second issue.

ISSUE THREE: EVIDENCE OF EXTRANEOUS OFFENSES

AND JURY CHARGE ERROR


 By his third issue, appellant argues that the trial court erred in (1) admitting evidence
of appellant's alleged intoxication on the occasion in question as an extraneous offense,
and (2) failing to sua sponte include a "reasonable doubt" instruction in the jury charge on
punishment. 

A. Extraneous Offense Evidence

 The State contends that the evidence of appellant's intoxication was admissible
as "same transaction contextual evidence." See Mayes v. State, 816 S.W.2d 79, 86
(Tex.Crim.App. 1991). In the alternative, the State argues that admission of the evidence,
if error, was harmless. 

 Generally, evidence of other crimes, wrongs or acts is not admissible to prove the
character of a person in order to show that he acted in conformity therewith. Tex. R. Evid.
404(b). However, extraneous offense evidence is admissible for other purposes. Id. 

 "Same transaction contextual evidence" refers to evidence of other offenses
connected with the primary offense, which is admissible when the evidence is necessary
for the State to logically present evidence of the charged offense. Garza v. State, 2
S.W.3d 331, 335 (Tex.App.-San Antonio 1999, pet. ref'd). Evidence of extraneous
offenses is considered same transaction contextual evidence only when the charged
offense would make little or no sense without also admitting evidence of the extraneous
conduct. Wyatt v. State, 23 S.W.3d 18, 25 (Tex.Crim.App. 2000). Stated differently, the
evidence of extraneous conduct must be so blended or connected with the offense for
which the defendant is being tried that they form an indivisible criminal transaction such
that full proof of one cannot be given without also showing the other. Buchanan v. State,
911 S.W.2d 11, 15 (Tex.Crim.App. 1995).

 We review the trial court's actions regarding the admissibility of such evidence under
an abuse of discretion standard. Montgomery v. State, 810 S.W.2d 372, 391
(Tex.Crim.App. 1990). As long as the trial court's ruling was within the "zone of reasonable
disagreement," an appellate court will not find error. Id.

 At trial, appellant challenged Brouillette's testimony concerning results of the search
of appellant's vehicle, in part, on the basis that the search was not a valid inventory search. 
When an inventory search is challenged, the burden is on the State to prove the lawfulness
of the search. Ward v. State, 659 S.W.2d 643, 646 (Tex.Crim.App. 1983). 

 Because appellant challenged the vehicle search and its fruits, evidence of the facts
justifying the search was admissible. Moreover, the trial court could have concluded that
the police officer's testimony relating appellant's actions immediately after appellant
stopped his vehicle to a pattern indicating awareness of the marijuana in the vehicle was
relevant to whether appellant knew of the marijuana. The same can be said about the
officer's testimony as to appellant's conduct and awareness during the episode and the
video of appellant during the field testing outside his car: the trial court could have
concluded that such evidence was relevant to appellant's mental status and any limitations
or condition which would have affected his ability to discern the odor of burned marijuana
which the officer testified was present in appellant's vehicle, and thus relevant to
appellant's knowledge of the marijuana itself. Accordingly, the trial court could have
concluded that evidence of the facts surrounding appellant's detention and arrest for DWI
was same transaction contextual evidence. The trial court did not abuse its discretion in
admitting the evidence. See Wynne v. State, 676 S.W.2d 650, 654-55 (Tex.App.-Fort
Worth 1984, pet. ref'd). 

B. Reasonable Doubt Instruction in Punishment Charge

 Evidence submitted by the State at the punishment phase of trial consisted of
"resubmit[ting]" evidence of appellant's prior DWI conviction in Cameron County. The
evidence had been admitted without objection during guilt-innocence after appellant
admitted his conviction. Appellant, nevertheless, references Huizar v. State, 12 S.W.3d
479 (Tex.Crim.App. 2000), and argues that the trial court erred in failing to include a
reasonable doubt instruction in the jury charge on punishment sua sponte. See id. at 484-85. In making his argument, appellant references evidence of his alleged intoxication and
his arrest for DWI which was admitted during guilt-innocence, and which the judge
instructed the jury during guilt-innocence to consider only for contextual purposes. The
State does not contest appellant's assertion that the absence of the instruction constitutes
error.

 The reasonable doubt standard is applicable when the jury or judge is considering
evidence of extraneous crimes or bad acts which is offered at punishment. See Tex. Crim.
Proc. Code Ann. art. 37.07(3) (Vernon Supp. 2004); Huizar, 12 S.W.3d at 482. The trial
court must give a reasonable doubt instruction at punishment, when applicable, even in the
absence of an objection by the defendant. Id. at 484. If the defendant does not timely
object to absence of the instruction, however, the error is reviewed to determine if it
resulted in such egregious harm that the defendant was denied a fair and impartial trial. 
See id.; Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App. 1985). In performing such
review we consider the entire record and all the relevant information in it, including the
state of the evidence, the probative weight of the evidence, argument of counsel, and the
jury charge as a whole. See Hutch v. State, 922 S.W.2d 166, 171 (Tex.Crim.App. 1996). 

 The evidence of appellant's prior DWI conviction which the State re-offered at
punishment was not controverted. Appellant admitted the conviction during his testimony
at guilt-innocence. 

 During the guilt-innocence phase appellant admitted that he had been drinking
during the day before his arrest, although he denied that he would drink and drive (thus the
State's introduction of his prior DWI conviction for impeachment). Appellant's arrest was
on videotape and the tape was admitted as an exhibit for the jury to consider. The trial
court instructed the jury during guilt-innocence that evidence of alcohol, and intoxication,
was to be considered only as contextual evidence. (2) During punishment summation the
prosecutor argued that if the jury believed beyond a reasonable doubt that appellant was
driving while intoxicated on the occasion he was stopped and arrested, "you can consider
that," effectively arguing the instruction which was absent from the charge. The
prosecutor's summation at punishment did not overly emphasize appellant's allegedly
intoxicated condition at the time of his arrest. 

 Assuming, arguendo, that the trial court erred in failing to give a reasonable doubt
instruction even though the only evidence offered by the State in front of the jury at
punishment was of appellant's uncontroverted DWI conviction, this record does not reflect
that the error was such as to be classified as egregious. See Huizar, 12 S.W.3d at 484;
Almanza, 686 S.W.2d at 171. Appellant's third issue is overruled.

CONCLUSION

 Having overruled each of appellant's issues, we affirm the judgment of the trial
court. 

 Phil Johnson

 Chief Justice


Do not publish.
1. Whitaker v. State, 977 S.W.2d 595, 598 (Tex.Crim.App. 1998).
2. See Garza v. State, 2 S.W.3d 331, 335 (Tex.App.-San Antonio 1999, pet. ref'd); 
Norrid v. State, 925 S.W.2d 342, 349 (Tex.App.--Fort Worth 1996, no pet.).