Christopher Ray Davis v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-271-CR

CHRISTOPHER RAY DAVIS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellant Christopher Ray Davis appeals from his conviction for possession of marihuana of five pounds or less but more than four ounces.  Following a bench trial, the trial court found Davis guilty and sentenced him to two years’ confinement, but the court suspended the sentence and placed Davis on community supervision for a period of three years and imposed a $600 fine as a condition of community supervision.  In two points, Davis argues that the evidence is legally and factually insufficient to support his conviction.  We will affirm.

II.  Factual and Procedural Background

On October 11, 2002, Officer Roger E. Yount Jr. stopped Davis for speeding.  Davis did not have a driver’s license or proof of insurance.  He gave the officer an ID card and explained that he had just picked up the Hyundai Accent he was driving from the Fort Worth Auto Pound and was on his way to get it registered in his name.  Davis did not have any paperwork from the auto pound.  He gave Officer Yount a copy of paperwork documenting a mechanic’s lien, but the license plate number on the lien document did not match the number on the Hyundai’s plates.  Officer Yount arrested Davis, searched the Hyundai, and found marihuana inside a vinyl cooler on the floorboard behind the driver’s seat. 

At trial, Officer Yount testified regarding the above facts.  Officer Yount further testified that he did not understand why Davis would be traveling in the direction he was traveling when he was stopped if he were coming from the auto pound.  Another officer in charge of releasing vehicles from the auto pound testified that the auto pound’s records do not indicate that Davis picked up a vehicle on or around October 11, 2002.  

Davis testified that at the time of his arrest, he worked for his aunt, Gloria Martinez, at an auto body repair shop in Addison.  He explained that Martinez had asked him to take the Hyundai to Fort Worth to get it registered.  Davis testified that after leaving the auto body repair shop, he dropped off lunch for his girlfriend at her place of employment in White Settlement and that he possessed the car for no more than two hours before Officer Yount stopped him.  Davis testified that he never told Officer Yount that he had picked up the car from the Fort Worth Auto Pound.  He claimed instead that he told the officer he was coming from the auto body repair shop in Addison.  Davis’s girlfriend, Ramona LaFountain, testified that Davis is her boyfriend and that he was on his way to bring her lunch on October 11, 2002 when he called to say he was getting pulled over.   

Gloria Martinez testified that the owner of the Hyundai left the car at the auto body repair shop where Martinez works and that the shop decided to put a lien on the car for storage.  She testified that after the shop employees fixed the Hyundai, she asked Davis to take it to the Tarrant County subcourthouse to register it in her name.  Martinez explained that the employees at the shop would never search a customer’s car unless and until it was actually registered in the shop’s name.  

III.  Legal and Factual Sufficiency of the Evidence

In two points, Davis complains that evidence is legally and factually insufficient.  Specifically, Davis complains that the evidence is legally insufficient to prove that he had actual care, custody, and control of the marihuana and factually insufficient to prove that he possessed the marihuana. 
 A.  Legal Sufficiency Standard

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the judgment in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the judgment.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

In determining the legal sufficiency of the evidence to show appellant's intent, and faced with a record that supports conflicting inferences, we “must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution.”  
Matson v. State
, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).

B.  Factual Sufficiency Standard

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
.    In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

C.  Legal and Factual Sufficiency of the Evidence

A person commits an offense if the person knowingly or intentionally possesses a usable quantity of marihuana.  
Tex. Health & Safety Code Ann.
 § 481.121(a) (Vernon 2003).  To prove unlawful possession of marihuana, the State must show that the defendant 
exercised actual care, custody, control, or management over the contraband
 and that he knew the substance in his possession was a controlled substance.  
See id.
 § 481.002(38) (Vernon Supp. 2005);
 Brown v. State
, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995); 
McQuarters v. State
, 58 S.W.3d 250, 259 (Tex. App.—Fort Worth 2001, pet. ref’d).  Evidence supporting these elements may be direct or circumstantial.  
Hudson v. State
, 128 S.W.3d 367, 374 (Tex. App.—Texarkana 2004, no pet.).  When the contraband is not found on the accused’s person or it is not in his exclusive possession, additional facts must affirmatively link the accused to the contraband.  
Id
.

Circumstances that may link a defendant to the controlled substance include 
(1) the defendant was present when the search was executed; (2) the contraband was in plain view; (3) the contraband was in close proximity to or accessible by the defendant; (4) 
the place where the contraband was found was enclosed; (5) the defendant was under the influence of contraband; (6) the defendant was in possession of other contraband when he was arrested; (7) the defendant made incriminating statements when he was arrested; (8) the defendant attempted to flee; (9) the defendant made furtive gestures; (10) there was an odor of contraband present at the scene; (11) other contraband or drug paraphernalia were present that were not included in the charge; (12) the defendant owned or had a right to possess the place where the controlled substance was found; and (13) there was a large quantity of drugs found.  
See id
.; 
McQuarters
, 58 S.W.3d at 259; 
Washington v. State
, 902 S.W.2d 649, 652 (Tex. App.—Houston [14th Dist.] 1995, pet. ref’d).  The number of relevant factors is less significant than the logical force to which they establish a link between the accused and the controlled substance.  
See Hudson
, 128 S.W.3d at 374.

Davis’s sole argument supporting his contention that the evidence is legally and factually insufficient to support his conviction for possession of marihuana is that the State’s evidence does not affirmatively link Davis to the marihuana.
(footnote: 2)  But several factors do exist connecting Davis to the marihuana.  Davis was the sole occupant of the Hyundai and was present during the search of the Hyundai; Officer Yount discovered the marihuana in the vehicle Davis was driving; Davis could have easily accessed the marihuana; and Officer Yount found a substantial amount of marihuana in the enclosed cooler in the backseat floorboard.  
See Cabrales v. State
, 932 S.W.2d 653, 657 (Tex. App.—Houston [14th Dist.] 1996, no pet.) (stating that backseat and rear area of vehicle is an enclosed area).

Additionally, Davis’s testimony conflicted in several respects with other witnesses’s trial testimony.  For example, Davis’s girlfriend testified that Davis never dropped off her lunch; Davis testified that he did.  Officer Yount testified that at the time of the stop, Davis said he was coming from the Fort Worth Auto Pound; Davis testified that he did not say this.  Thus, the trial court could have resolved the credibility determinations against Davis.  
See Johnson v. State
, 23 S.W.3d 1, 8 (Tex. Crim. App. 2000).  Under the appropriate standards of review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses; we cannot sit as a thirteenth juror
, and we may not substitute our judgment for that of the fact finder’s.  
Zuniga, 
144 S.W.3d at 481-82
.
 

Accordingly, viewing all the evidence in the light most favorable to 
the verdict, we hold that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  
See
 
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789
.  Moreover, viewing all the evidence in a neutral light, favoring neither party, we hold that the trial court was rationally justified in finding guilt beyond a reasonable doubt; 
the evidence supporting the verdict is not too weak to support the finding of guilt beyond a reasonable doubt, and the contrary evidence is not so strong that the beyond-a-reasonable-doubt standard could not have been met.  
See Zuniga
, 144 S.W.3d
 at 484-85.  We overrule Davis’s first and second points. 

IV. Conclusion

Having overruled Davis’s two points, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: December 8, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Davis relies primarily upon
 Humason v. State
, 728 S.W.2d 363 (Tex. Crim. App. 1987).  While 
Humason
 did apply an affirmative links analysis, the actual holding was premised upon old law requiring the State to disprove all reasonable alternative hypotheses.  
See id.
 at 366.   (“Without some evidence excluding the equally reasonable hypothesis that appellant was unaware of the presence of the cocaine, the trier of fact could not conclude 
beyond a reasonable doubt 
that appellant knowingly possessed the cocaine.”)  Consequently, we do not follow 
Humason
’s analysis.